**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

BRANDON SCOTT RADER,

      Debtor.

Case No. 26-12138-JDL
Chapter 11

**MOTION OF VALLIANCE BANK FOR ADEQUATE PROTECTION, OR
ALTERNATIVELY, RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT
OF PROPERTY, WITH NOTICE OF OPPORTUNITY
FOR HEARING, BRIEF IN SUPPORT, AND CERTIFICATE OF SERVICE**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected.  You should read this Document carefully and
consult your attorney about your rights and the effect of this Document.**  If
you do not want the Court to grant the motion, or you wish to have your views
considered, you must file a written response to the motion with the Clerk of the
United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean
McGee Avenue, Oklahoma City, OK  73102 no later than 14 days from the date
of filing of the motion.  You should also serve a file-stamped copy of the response
to the undersigned [and others who are required to be served] and file a certificate
or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

Valliance Bank ("Valliance"), a creditor in the above-captioned bankruptcy case, by and

through its undersigned counsel, hereby moves (this "Motion") the Court for the entry of an order

granting (i) adequate protection to Valliance and (ii) to the extent of any shortfall in or failure to

make such adequate protection payments, relief from the automatic stay and abandonment of the

Real Property more particularly described below.  In support of this Motion, Valliance states as

follows:

**I.  JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334.

1

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      The statutory predicates for the relief requested are sections 361, 362, 363, and 554 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma (the "Local Rules").

## II.      BACKGROUND

4.      On or about August 10, 2017, Rader Building, for good and valuable consideration, made, executed and delivered to Valliance a Promissory Note (the "Note"), bearing Loan No. 8103713, in the original principal sum of $588,000.00, with interest accruing according to the terms of the Note.  **Ex. 1.**

5.      As part and parcel of the Note transaction and occurrence, Rader Building Company, Inc. ("Rader Building") executed a Construction Loan Agreement (the "Loan").  **Ex. 2**. Hereafter, any reference to the Note shall include the Loan.

6.      Brandon Scott Rader (the "Debtor") and Jennifer Catherine Rader ("Jennifer Rader," and together with the Debtor, the "Raders") executed Commercial Guaranties in an individual capacity promising unconditional liability pertaining to the Note (the "Guaranties"). **Exs. 3, 4**.

7.      As part and parcel of the Note transaction and occurrence and for the purpose of securing payment of the indebtedness evidenced by the Note, Rader Building made, executed and delivered to Valliance a mortgage (the "Mortgage") covering the real estate more particularly described as follows:

> LOT SIX (6), OF BLOCK ONE (1), IN TURNBERRY AT OAK TREE, AN ADDITION TO THE CITY OF EDMOND, OKLAHOMA COUNTY, OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF.

The Real Property or its address is commonly known as 740 Turnberry Lane, Edmond, Oklahoma 73025.  (the "Real Property")

The Mortgage was duly recorded in Book 13513 at Page 1241 in the office of the County Clerk of Oklahoma County, Oklahoma, on August 11, 2017, after the required mortgage tax was paid. **Ex. 5**.

8. The Mortgage also included a security interest in all existing or future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Real Property, as more thoroughly described in the Mortgage (the "Assignment of Rents").  The Assignment of Rents is included collectively with any reference to the Real Property.

9. Subsequent to the execution of the Note, on or about August 7, 2018, Rader Building entered into a Promissory Note Modification Agreement ("Modification Agreement No. 1"), whereby the Note's maturity date was extended to November 9, 2018.  All other terms, agreements, and obligations under the Note remained the same.  Hereafter, any reference to the Note shall include Modification Agreement No. 1.

10. Subsequent to the execution of the Note, on or about November 9, 2018, Rader Building entered into a Promissory Note Modification Agreement ("Modification Agreement No. 2"), whereby the Note's maturity date was extended to May 8, 2019.  All other terms, agreements, and obligations under the Note remained the same.  Hereafter, any reference to the Note shall include Modification Agreement No. 2.

11. Subsequent to the execution of the Note, on or about May 8, 2019, the Note was amended by a Promissory Note ("Modification Agreement No. 3").  Hereafter, any reference to the Note shall include Modification Agreement No. 3.

12.     Contemporaneously with the execution of Modification Agreement No. 3, Rader Building made, executed and delivered to Valliance a certain Construction Loan Agreement ("Loan No. 2") as part and parcel of Modification Agreement No. 3.  Hereafter, any reference to the Note shall include Loan No. 2.

13.     Subsequent to the execution of the Note, on or about July 8, 2020, the Note was amended by a Promissory Note ("Modification Agreement No. 4").  **Ex. 6**.  Hereafter, any reference to the Note shall include Modification Agreement No. 4.

14.     Contemporaneously with the execution of Modification Agreement No. 4, Rader Building made, executed and delivered to Valliance a certain Business Loan Agreement ("Loan No. 3") as part and parcel of Modification Agreement No. 4.  **Ex. 7**.  Hereafter, any reference to the Note shall include Loan No. 3.

15.     Contemporaneously with the execution of Modification Agreement No. 4, Rader Building made, executed and delivered to Valliance a certain Modification of Mortgage (the "Modification of Mortgage") to evidence Modification Agreement No. 4.  The Modification of Mortgage was duly recorded in Book 14401 at Page 1351 in the office of the County Clerk of Oklahoma County, Oklahoma, on July 9, 2020, after the required mortgage tax was paid.  **Ex. 8**. Hereafter, any reference to the Mortgage shall include the Modification of Mortgage.

16.     On or about December 29, 2022, Rader Building conveyed by quit claim deed its interest in the Real Property to the Raders.  The quit claim deed was recorded in Book 15355 at Page 1318 in the office of the County Clerk of Oklahoma County, Oklahoma.

17.     Valliance is the owner and holder of the Note, Guaranties, and Mortgage (the "Loan Documents").

4

18.     On October 2, 2025, Valliance initiated an action styled *Valliance Bank v. Rader Building Company, Inc., et al.*, District Court of Oklahoma County, State of Oklahoma (the "District Court"), case no. CJ-2025-7214 (the "Lawsuit"), wherein Valliance pleaded claims for judgment on the Note, foreclosure of the Mortgage, and judgment on the Guaranties.

19.     On January 15, 2026, the District Court entered a *Journal Entry of Default Judgment* (the "Judgment") granting judgment *in rem* and *in personam* against Rader Building in the principal sum of $499,283.35, together with interest thereon in the amount of $8,279.69 as of September 25, 2025 and accruing thereafter at the rate set forth in the Note, until paid; a reasonable attorney's fee in the amount of $9,633.00; costs of this action in the amount of $670.35; abstract expenses; late charges; advances for taxes; appraisal fees; preservation and maintenance costs of the Real Property; and all other expenses, fees, charges, advances, taxes, assessments, less all credits, all as provided for in the Note and Mortgage, for which amounts the Mortgage is a valid and enforceable lien upon the Real Property.  **Ex. 9**.

20.     The Judgment further granted judgment against the Raders in the principal sum of $499,283.35, together with interest thereon in the amount of $8,279.69 as of September 25, 2025 and accruing thereafter at the rate set forth in the Note, until paid; a reasonable attorney's fee in the amount of $9,633.00; costs of this action in the amount of $670.35; abstract expenses; late charges; advances for taxes; appraisal fees; preservation and maintenance costs of the Real Property; and all other expenses, fees, charges, advances, taxes, assessments, less all credits. *Id.*

21.     On February 9, 2026, the Real Property appraised for $1,200,000.00.  **Ex. 10**.

22.     On March 17, 2026, the Real Property sold to a third-party at Sheriff Sale for $1,013,000.00.  **Ex. 11**.

23.     Valliance's claims under the Loan Documents are no less than $576,071.11. *See* Proof of Claim No. 1; Bankruptcy Rule 3001(f).

24.     BancFirst (and together with Valliance, the "Secured Creditors") holds a second-position mortgage on the Real Property in an amount no less that $21,000,00.00.

25.     Secured Creditors' claims exceed the value of the Real Property.

26.     A hearing on the confirmation of the Sheriff Sale was set for May 15, 2026 (the "First Confirmarion Hearing"). **Ex. 12**.

27.     On May 15, 2026, mere minutes before the First Confirmation Hearing, the Jennifer Rader filed a voluntary petition under Chapter 11 of the Bankruptcy Code. *See* Case No. 26-11631-JDL, Doc. No. 1.

28.     The Loan Documents were in default prior to the filing of Jennifer Rader's bankruptcy case.

29.     On June 1, 2026, the Court entered an order granting Valliance certain adequate protection, whereby Jennifer Rader was directed to make an adequate protection payments to Valliance in the amount of $8,430.53, to be received by Valliance on or before June 9, 2026, and continuing on the ninth day of every month thereafter. **Ex. 13**.

30.     Jennifer Rader failed to file (i) a schedule of assets and liabilities pursuant to Section 521(a)(1)(B)(i) of title 11 of Bankruptcy Code and Bankruptcy Rule 1007(b)(1)(A), (ii) Form 206Sum, (iii) a statement of the debtor's financial affairs pursuant to Bankruptcy Code section 521(a)(1)(B)(iii) and Bankruptcy Rule 1007(b)(1)(D), and (iv) Local Form 1007-1.D with supporting documentation within 14 days of the Petition Date. **Ex. 14**.

31.     Jennifer Rader failed to file a certificate of completion of a credit counseling course. *Id*.

6

32.     On June 8, 2026, the Court dismissed Jennifer Rader's bankruptcy case with prejudice to refiling for 180 days starting from the day after the entry of the order. *Id.*

33.     A continued hearing on the confirmation of the Sheriff Sale was set for June 26, 2026 at 11:00 am (the "Second Confirmarion Hearing"). **Ex. 15**.

34.     On June 26, 2026 at 10:43 a.m. (the "Petition Date"), only seven minutes before the start of the Second Confirmation Hearing, the Debtor commenced this case through the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code. *See* Doc. No. 1.[1]

35.     The Debtor has no employees.

36.     The Debtor has only two unsecured creditors.  Doc. No. 1 at 10.

37.     The Debtor filed this bankruptcy case to forestall or frustrate the foreclosure and has no possibility of reorganization.

### III.     ARGUMENT AND AUTHORITIES

By this Motion, Valliance respectfully requests that the Court enter an order (i) pursuant to Bankruptcy Code sections 361 and 363(e) granting adequate protection to Valliance in the form of periodic payments and (ii) to the extent of any shortfall in or failure to make timely payments to Valliance, granting relief from the automatic stay pursuant to Bankruptcy Code section 362(d), Bankruptcy Rule 4001, and Local Rule 4001-1, abandonment of the Real Property pursuant to Bankruptcy Code section 554.

#### A.     Valliance is Entitled to Adequate Protection

A secured creditor is entitled to adequate protection as a matter of right when the estate proposes to use the creditor's collateral and when the creditor is stayed from enforcing its interests.

---

[1] As of the filing of this Motion, the Debtor has not filed any schedule nor statement required by Bankruptcy Code section 521.  Further, as of the filing of this Motion, the Debtor has not filed a certification of completion of a credit counseling course. *See* 11 U.S.C. 109(h).

*See* 11 U.S.C. §§ 361, 362(d), 363(e).  A secured creditor's interest in collateral constitutes a property right subject to protection under the Fifth Amendment to the United States Constitution. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 339 (1977), 1978 U.S.C.C.A.N. 5787, 6295 ("The concept [of adequate protection] is derived from the fifth amendment protection of property interests.").  Adequate protection is meant to "protect a secured creditor against a decrease in the value of its collateral occasioned by the use, sale, or lease of its collateral by a debtor during the automatic stay . . . ."  *In re Timbers of Inwood Forest Associates, Ltd.*, 793 F.2d 1380, 1416 (5th Cir. 1986), *on reh'g, In re Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363 (5th Cir. 1987), *aff'd sub nom. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988).

A secured creditor may request adequate protection at any time.  *See* 11 U.S.C. § 363(e). When adequate protection is requested, the trustee or debtor in possession bears the burden of establishing that the secured creditor's interest is adequately protected.  *See* 11 U.S.C. § 363(p)(1); *See, e.g., In re Blehm Land & Cattle Co.*, 859 F.2d 137, 139 (10th Cir. 1988).

The Secured Creditors' interest in the Real Property is not adequately protected, as the value of the Real Property is insufficient to provide a sufficient equity cushion to protect Secured Creditors' interest in the Real Property.  *See, e.g.*, *In re Mendoza*, 111 F.3d 1264, 1272 (5th Cir. 1997) (citing authorities); *In re Timbers of Inwood Forest*, 793 F.2d at 1387.  Accordingly, Secured Creditors are entitled to adequate protection payments.

To provide adequate protection of Valliance's interest in the Real Property, as the Court previously ordered in Jennifer Rader's bankruptcy case, the Court should require monthly adequate

8

protection payments to be made to Valliance in an amount not less than $8,430.53[2], roughly equal to the accruing monthly interest under the Note.

**B.**     **Absent Adequate Protection, or to the Extent of Any Failure to Make Timely Adequate Protection Payments, the Court Should Grant Relief from the Automatic Stay and Abandonment of the Real Property**

In the absence of adequate protection as requested herein, or to the extent of any shortfall in or failure to make timely adequate protection payments, Valliance is entitled to relief from the automatic stay under Bankruptcy Code section 362(d).

Bankruptcy Code section 362(d)(1) provides that the Court ***shall*** modify the automatic stay for "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Thus, pursuant to the Bankruptcy Code, where adequate protection is lacking, the Court must grant relief from the automatic stay. A party opposing relief from the automatic stay bears the burden of demonstrating that a secured creditor's interest in property is adequately protected. *See* 11 U.S.C. § 362(g)(2). If periodic adequate protection payments are not provided to Valliance, or if such ordered payments are not timely made, it is axiomatic that Valliance has not been adequately protected. Accordingly, the automatic stay must be lifted.

Clearly, should the Debtor be unable to make adequate protection payments, any reorganization that includes the Real Property is not feasible. Thus, relief from the automatic stay should be granted.

Bankruptcy Code section 554 provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is

---

[2]   To the extent Valliance is oversecured, Valliance is nonetheless entitled to post-petition interest. *In re Trinity Precision Flow Control, LLC*, No. 10-80341-TRC, 2010 WL 1849412, at *2 (Bankr. E.D. Okla. May 6, 2010).

burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b); *see also* Bankruptcy Rule 6007(b) ("A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate."). As explained above, the Debtor enjoys insufficient equity in the Real Property. Accordingly, should the automatic stay be lifted, such Real Property has inconsequential value to the estate, making abandonment proper.

## IV. CONCLUSION

WHEREFORE, Valliance prays that the Court enter an Order (i) granting adequate protection to Valliance in the form of periodic payments and (ii) to the extent of any shortfall in or failure to timely make adequate protection payments to Valliance, (a) granting relief from the automatic stay so as to permit Valliance to exercise its rights in the above-described property, including the foreclosure of its lien interests, and (b) abandoning the above-described property from the estate. Valliance further prays for such other and further relief as is just and proper.

Respectfully submitted,

**PHILLIPS MURRAH P.C.**

*/s/ Jason A. Sansone*
Melvin R. McVay, Jr., OBA No. 6096
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
***Attorneys for Valliance Bank***

10

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 26th day of June, 2026, true and correct copies of the above and foregoing were mailed by first class mail, postage prepaid, to:

Pace Equity, LLC
731 N Jackson St., Suite 420
Milwaukee, WI 53202-4612

Samson MCA LLC
1545 Route 202., Ste 201
Pomona NY 10970-2951

United States Trustee
215 Dean A. McGee Ave., 4th Floor
Oklahoma City, OK 73102-3479

Brandon Scott Rader
740 Turnberry Ln
Edmond, OK 73025-2821

*/s/ Jason A. Sansone*
Jason A. Sansone, OBA No. 30913

11