

*000000000008103713095507082020*

VALLIANCE BANK

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $574,366.56 | 07-08-2020 | 07-08-2025 | 8103713 | 800 | 0000006723-0[illegible] | 13 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** RADER BUILDING COMPANY INC
PO BOX 30456
EDMOND, OK 73003

**Lender:** Valliance Bank
Oklahoma City Office
1601 Northwest Expressway
Oklahoma City, OK 73118
(405) 286-5700

---

**Principal Amount: $574,366.56** **Date of Note: July 8, 2020**

**PROMISE TO PAY.** RADER BUILDING COMPANY INC ("Borrower") promises to pay to Valliance Bank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Five Hundred Seventy-four Thousand Three Hundred Sixty-six & 56/100 Dollars ($574,366.56), together with interest on the unpaid principal balance from July 8, 2020, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 5.150% per annum based on a year of 360 days, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** Borrower will pay this loan in 59 regular payments of $3,503.51 each and one irregular last payment estimated at $509,290.10. Borrower's first payment is due August 8, 2020, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on July 8, 2025, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; and then to principal. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing. All payments must be made in U.S. dollars and must be received by Lender consistent with any written payment instructions provided by Lender. If a payment is made consistent with Lender's payment instructions but received after 5:00 PM Central Time, Lender will credit Borrower's payment on the next business day.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**PREPAYMENT; MINIMUM INTEREST CHARGE.** In any event, even upon full prepayment of this Note, Borrower understands that Lender is entitled to a **minimum interest charge of $25.00**. Other than Borrower's obligation to pay any minimum interest charge, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Valliance Bank, Oklahoma City Office, 1601 Northwest Expressway, Oklahoma City, OK 73118.**

**LATE CHARGE.** If a payment is 15 days or more late, Borrower will be charged **5.000% of the unpaid portion of the regularly scheduled payment or $26.00, whichever is greater.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 18.000% per annum based on a year of 360 days. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall

**PROMISSORY NOTE**
**(Continued)**

**Loan No: 8103713**                                                                                                    **Page 2**

not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.**  Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Change In Ownership.**  Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.**  A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.**  Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.**  Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.**  Lender may hire or pay someone else to help collect this Note if Borrower does not pay.  Borrower will pay Lender that amount.  This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including without limitation all attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.  If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.  Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.**

**GOVERNING LAW.  This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Oklahoma without regard to its conflicts of law provisions.  This Note has been accepted by Lender in the State of Oklahoma.**

**CHOICE OF VENUE.**  If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Oklahoma County, State of Oklahoma.

**DISHONORED ITEM FEE.**  Borrower will pay a fee to Lender of $25.00 if Borrower makes a payment on Borrower's loan and the check or other payment order including any preauthorized charge with which Borrower pays is later dishonored.

**RIGHT OF SETOFF.**  To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account).  This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future.  However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law.  Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.**  Borrower acknowledges this Note is secured by REAL ESTATE MORTGAGE ON REAL PROPERTY LOCATED AT 740 TURNBERRY LANE, EDMOND, OK AND 18717 PIEDERA, OKLAHOMA CITY, OK.

**ADJUSTMENTS TO INTEREST RATE.**  The interest rate on this loan is based upon the representation by the Borrower that the primary operating account or other significant accounts of the Borrower and/or Guarantor will be maintained with Valliance Bank.  At the option of the Lender, the interest rate on this loan is subject to a 1% increase if at any time the Borrower's primary checking account is not maintained with Valliance Bank.  Should Borrower's deposit account close, the interest rate on the account will increase 1% at the first loan payment due date following the deposit account closure.

**DOCUMENTATION PERFECTION.**  Borrower agrees to execute such other documentation as may be required by Lender to perfect and/or maintain a security interest in the Collateral.

**RELEASE.**  In consideration of the agreements of Lender set forth in or contemplated by this Amendment, Borrower and Guarantors (collectively, the "Obligors") hereby release and forever discharge Lender and its agents, servants, employees, officers, attorneys, successors and assigns (collectively, the "Released Parties") from all damage, loss, claims, demands, liabilities, obligations, actions and causes of action whatsoever which Obligors might now have or claim to have against the Released Parties, whether presently known or unknown, and of every nature and extent whatsoever on account of or in any way concerning, arising out of or founded on the Loan Documents or the Loan Agreement, including, without implied limitation, all such loss or damage of any kind heretofore sustained or that might arise as a consequence of the dealings among the parties based on a theory of "lender liability," bad faith, breach of contract, laches or estoppel, or any theory similar to any of the foregoing based on or resulting from any action or inaction of any Released Party either directly or indirectly, actively or passively, in connection with the Loan Agreement or other dealings among the parties. Provided, however, the release set forth in this Section will not extend to any claim arising after the date of this Amendment.

**PRIOR NOTE.**  RENEWAL OF PROMISSORY NOTE #8103713 IN THE AMOUNT OF $588,000.00 DATED 05/08/19 AND MATURING 05/08/2020 AND MODIFIED 05/08/2020 TO EXTEND THE MATURITY TO 07/08/2020.

**SUCCESSOR INTERESTS.**  The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.**  Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: Valliance Bank 1601 Northwest Expressway, Suite 100 Oklahoma City, OK 73118.

**GENERAL PROVISIONS.**  If any part of this Note cannot be enforced, this fact will not affect the rest of the Note.  Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them.  Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor.  Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability.  All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone.  All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made.  The obligations under this Note

## PROMISSORY NOTE
### (Continued)

**Loan No: 8103713**                                                                                          **Page 3**

are joint and several.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.**

**BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.**

**BORROWER:**

RADER BUILDING COMPANY INC

By: _____
   **BRANDON RADER, President of RADER BUILDING COMPANY INC**

By: _____
   **JENNIFER RADER, Secretary of RADER BUILDING COMPANY INC**

LaserPro, Ver. 20.2.0.043 Copr. Finastra USA Corporation 1997, 2020. All Rights Reserved. - OK R:\CFI\LPL\D20.FC TR-12623 PR-4