**Dated: June 1, 2026**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:

JENNIFER CATHERINE RADER,

      Debtor.

Case No. 26-11631-JDL
Chapter 11

## ORDER ON MOTION BY VALLIANCE BANK FOR
## ADEQUATE PROTECTION, OR ALTERNATIVELY, RELIEF FROM
## THE AUTOMATIC STAY AND ABANDONMENT OF PROPERTY

This matter comes on for consideration based on the *Motion by Valliance Bank for Adequate Protection, or Alternatively, Relief from the Automatic Stay and Abandonment of Property* (the "Motion") as filed by Valliance Bank ("Valliance") [Doc No. 9].[1] Counsel for Valliance represents that the Motion was served upon all parties in interest on May 15, 2026, pursuant to Local Rule 9007. No party timely filed an objection or response within the time to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

object, which expired on May 29, 2026. Therefore, the Court finds that, for good cause shown, the Motion should be granted, and orders as follows:

1.      The Motion is granted to the extent set forth in this Order.

2.      The Debtor is to make an adequate protection payment to Valliance in the amount of $8,430.53, to be received by Valliance on or before June 9, 2026, and continuing on the ninth day of every month thereafter, which payment shall be applied to the outstanding indebtedness under the Loan Documents.

3.      If any date certain provided in this Order falls on a date when Valliance is not open for regular business, then the date certain shall be the next business date in which Valliance is open for regular business.

4.      Without further order of the Court, relief from the automatic stay as to and abandonment of the Real Property, and the proceeds thereof, shall occur upon any default under this Order, uncured for seven (7) days following Debtor's receipt of written notice. In such an event, Valliance is authorized, but not obligated, to obtain an *ex parte* Comfort Order from the Court confirming:

   a. that the automatic stay provided under 11 U.S.C. § 362 is modified to permit Valliance to take any and all acts necessary to exercise its rights and remedies as to the Real Property including, but not limited to, foreclosing its Mortgage covering the Real Property;

   b. that the Real Property is abandoned from the estate pursuant to Bankruptcy Code section 554;

   c. that the stay provided under Bankruptcy Rule 4001(a)(3) shall not apply; and

2

d. that entry of an *ex parte* order shall survive any conversion of this case to another chapter.

5. Nothing herein shall affect Valliance's right to seek additional adequate protection in the future.

6. The terms and conditions of this Order are immediately effective and enforceable upon entry.

7. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

The prevailing party will effectuate service of the order on all interested parties.

Findings of fact are based upon representation of counsel.

IT IS SO ORDERED.

# # #

SUBMITTED BY:

**PHILLIPS MURRAH P.C.**

*/s/ Jason A. Sansone*
Melvin R. McVay, Jr., OBA No. 6096
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
***Attorneys for Valliance Bank***