**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

BRANDON SCOTT RADER,

        Debtor.

Case No. 26-12138-JDL
Chapter 11

**MOTION OF VALLIANCE BANK FOR RULE 2004**
**EXAMINATION OF DEBTOR, BRANDON SCOTT RADER,**
**AND FOR PRODUCTION OF DOCUMENTS,**
**AND BRIEF IN SUPPORT, AND NOTICE AND OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected.  You should read this Document carefully and consult your attorney about your rights and the effect of this Document.**  If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK  73102 no later than 14 days from the date of filing of the motion.  You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

Creditor Valliance Bank ("Valliance"), by and through its undersigned counsel, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully request that this Court enter an order requiring Brandon Scott Rader (the "Debtor") to appear for examination and produce, prior to and for use at said examination, the documents as hereinafter set forth.  In support hereof, Valliance states:

**I.  RELEVANT FACTUAL BACKGROUND**

1.  Contemporaneous with the filing of this Motion, Valliance filed its *Motion of Valliance Bank for Adequate Protection, or Alternatively, Motion for Relief from the Automatic Stay and Abandonment of Property* [Doc. No. 15] (the "Motion for Relief").

2.      Valliance adopts and incorporates the arguments, exhibits, and authorities contained in the Motion for Relief herein by reference.[1]

3.      Valliance now seeks a formal Bankruptcy Rule 2004 examination of the Debtor.

4.      To wit, Valliance is seeking to determine if the Debtor (i) has obtained money, extensions of credit, and/or refinancing of credit from Valliance by false pretenses, false representations, or actual fraud, (ii) committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, (iii) with intent to hinder, delay, or defraud Valliance, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the Debtor or the estate, or (iv) knowingly and fraudulently, in or in connection with this case, made a false oath or account.  Moreover, Valliance seeks documents and information relevant to its pending Motion to Dismiss and Motion for Relief.

## II.  BRIEF IN SUPPORT

### A.      A Rule 2004 Examination is Appropriate.

Bankruptcy Rule 2004 authorizes the examination of any person concerning the acts and conduct, liabilities, property, and financial condition of a debtor, any matter affecting the administration of the estate, the dischargeability of certain debts, and the debtor's right to a discharge.  Fed. R. Bankr. P. 2004(a).  Bankruptcy Rule 2004 has been termed the "basic discovery device used [in] bankruptcy cases."  *In re French*, 145 B.R. 991, 992 (Bankr. D.S.D. 1992).  The purpose of Bankruptcy Rule 2004 is to permit a broad investigation into the financial affairs of a debtor to assure the proper administration of bankruptcy estates.  *In re Symington*, 209 B.R. 678,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion for Relief.

683 (Bankr. D. Md. 1997) (citations omitted). A Bankruptcy Rule 2004 examination is "designed to bring the Debtor's affairs to light, not to hide them." *In re PRS Ins. Group., Inc.*, 274 B.R. 381, 385 (Bankr. D. Del. 2001). The scope of a Bankruptcy Rule 2004 examination is "unfettered and broad" as the wording of the Bankruptcy Rule indicates. *See* 9 COLLIER ON BANKRUPTCY ¶ 2004.02[1] at 2004-6 (15th ed. rev. 2001) (quoting *In re Table Talk Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985)).

It has become necessary for Valliance to examine the Debtor for the purposes authorized by Bankruptcy Rule 2004, including matters concerning the Debtor's acts and conduct, liabilities, property, and financial condition.

A Rule 2004 examination is necessary to examine these issues, among various others. Therefore, the Debtor should be required to appear for a Rule 2004 examination at 9:00 a.m., July 14, 2026, and continuing thereafter until completed, at Phillips Murrah P.C., located at 424 NW 10th St., Suite 300, Oklahoma City, OK 73103 ("Phillips Murrah"), or at a place and time mutually agreeable to Valliance and the Debtor.

**B.    The Debtor Should Be Required to Produce Materials in Advance of the Rule 2004 Examination.**

Bankruptcy Rule 2004 explicitly provides that in addition to compelling the attendance at an examination, the court may also compel the production of documents. Fed. R. Bankr. P. 2004(c).

The Debtor should be required to produce at the offices of Phillips Murrah, for use at the Bankruptcy Rule 2004 examination, the following documents and materials no later than 5:00 p.m. CT on July 13, 2026 (unless the parties in writing mutually agree otherwise):

a)    income tax returns for tax years 2021, 2022, 2023, 2024, and 2025 for the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell

3

215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and Rader Construction, LLC;

b)    past forty-eight months of statements for all financial accounts at every financial institution (such as banks, savings and loan, brokerage houses, and credit unions) that the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and/or Rader Construction, LLC owned, controlled, or has been named as an accountholder over the same time period;

c)    past forty-eight months of statements for all credit card accounts held by the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and/or Rader Construction, LLC over the same time period, if any;

d)    any financial statements of the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and/or Rader Construction, LLC from the past forty-eight months, including by way of example, statements of financial condition, balance sheets, statements of cash flows, income statements, statements of operations, statements of profit and loss, general ledgers, and accounts receivable journals;

e)    titles to all motor vehicles, tractors, trailers, watercraft, aircraft, motor home, or other recreational vehicle owned or controlled by the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster

4

Monster, LLC, Rader Building Company, Rader Development, LLC, and/or Rader Construction, LLC; and

f)     insurance policies for the past twenty-four months regarding any property owned by the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and/or Rader Construction, LLC.

Based on the foregoing, the Debtor should be ordered to timely produce the materials requested by Valliance in anticipation of the Bankruptcy Rule 2004 examination. To the extent a document(s) is(are) not produced, the Debtor should be required to set forth the steps she took to locate and produce such documents. If documents are in the hands of a third party over which Debtor has control, i.e. can request copies, then the Debtor should be expected to take such action. It should not be sufficient to state a document is not in Debtor's possession.

### III. <u>CONCLUSION</u>

WHEREFORE, Valliance Bank respectfully request that this Court enter an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (i) requiring the Debtor to appear for a Rule 2004 examination at 9:00 a.m., July 14, 2026, and continuing thereafter until completed, at Phillips Murrah P.C., located at 424 NW 10th St., Suite 300, Oklahoma City, OK 73103, or at a place and time mutually agreeable to Valliance and the Debtor; (ii) to produce at the offices of Phillips Murrah, for use at the Bankruptcy Rule 2004 examination, the documents as hereinbefore set forth no later than 5:00 p.m. CT on July 13, 2026 (unless the parties in writing mutually agree otherwise); (iii) and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

**PHILLIPS MURRAH P.C.**

*/s/ Jason A. Sansone*
Melvin R. McVay, Jr., OBA No. 6096
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
***Attorneys for Valliance Bank***

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of June, 2026, true and correct copies of the above and foregoing were mailed by first class mail, postage prepaid, to:

Pace Equity, LLC
731 N Jackson St., Suite 420
Milwaukee, WI 53202-4612

Samson MCA LLC
1545 Route 202., Ste 201
Pomona NY 10970-2951

United States Trustee
215 Dean A. McGee Ave., 4th Floor
Oklahoma City, OK 73102-3479

Brandon Scott Rader
740 Turnberry Ln
Edmond, OK 73025-2821

*/s/ Jason A. Sansone*
Jason A. Sansone, OBA No. 30913

6