**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

BRANDON SCOTT RADER,

    Debtor.

Case No. 26-12138-JDL
Chapter 11

**VALLIANCE BANK'S MOTION TO DISMISS BANKRUPTCY CASE**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected.  You should read this Document carefully and consult your attorney about your rights and the effect of this Document.**  If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK  73102 no later than 21 days from the date of filing of the motion.  You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**NOTICE OF HEARING
(TO BE HELD IF A RESPONSE IS FILED)**

Notice is hereby given that if a response to the Motion is Filed, the hearing on the matter will be held on July 23, 2026, at 10:00 a.m in the 2nd floor courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102. If no response is timely filed and the court grants the requested relief prior to the above referenced hearing date, the hearing will be stricken from the docket of the Court.

Valliance Bank ("Valliance"), a creditor in the above-captioned bankruptcy case, by and through its undersigned counsel, pursuant to Section 1112 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1017-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma (the "Local Rules"), hereby moves (this "Motion") the Court for the entry of an order dismissing Brandon Scott Rader's (the "Debtor") bankruptcy case.  In support of this Motion, Valliance states as follows:

## I.   JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.

2.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.   The statutory predicates for the relief requested are section 1112 of the Bankruptcy Code, Bankruptcy Rule 1017, and Local Rule 1017-1.

## II.   BACKGROUND

4.   Contemporaneous with the filing of this Motion, Valliance filed its *Motion of Valliance Bank for Adequate Protection, or Alternatively, Motion for Relief from the Automatic Stay and Abandonment of Property* [Doc. No. 15] (the "Motion for Relief").

5.   Valliance adopts and incorporates the arguments, exhibits, and authorities contained in the Motion for Relief herein by reference.[1]

6.   The Debtor filed this bankruptcy case to forestall or frustrate the foreclosure and has no possibility of reorganization.

## III.   ARGUMENT AND AUTHORITIES

Section 1112(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause."  11 U.S.C. § 1112(b)(1); *In re Forest Hill Funeral Home & Mem'l Park*, 364 B.R. 808, 819 (Bankr. E.D. Okla. 2007) (citing *In re Muskogee Envtl. Conservation Co.*, 236 B.R. 57, 59 (Bankr. N.D. Okla. 1999)).  "Cause" is not defined in the bankruptcy code.  *In re Tirey*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion for Relief.

2

*Distrib. Co.*, 242 B.R. 717, 723 (Bankr. E.D. Okla. 1999).  The burden to show cause for dismissal of a Chapter 11 bankruptcy rests on the movant by a preponderance of the evidence." *In re Forest Hill Funeral Home & Mem'l Park*, 364 B.R. at 819.  The Bankruptcy Code does not include "an exclusive list of all conditions that might constitute cause for dismissal of a Chapter 11 case… A Chapter 11 case may be dismissed if it was filed in bad faith." *In re MV Pipeline Co.*, No. 07-80214-R, 2007 WL 1452591, at \*12 (Bankr. E.D. Okla. May 15, 2007).  "Bad faith is found when the cumulative effect of these individual factors together paint a factual picture that leads to the inescapable conclusion that use of the bankruptcy laws by the debtor is inappropriate." *In re Forest Hill Funeral Home & Mem'l Park*, 364 B.R. at 820.  "Once a movant has made a *prima facie* showing of bad faith, the burden falls to the debtor to establish that the bankruptcy was filed in good faith." *Id.* at 819.

While no single factor is determinative, courts have enumerated some non-exclusive factors for evaluating bad faith in the filing of a bankruptcy case, which includes:

- the debtor has one asset;

- the pre-petition conduct of the debtor has been improper;

- there are only a few unsecured creditors;

- the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

- the debtor has no ongoing business or employees; and

- the lack of possibility of reorganization.

*In re Nursery Land Dev., Inc.*, 91 F.3d 1414, 1416 (10th Cir.1996) (citing *In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994), as amended on denial of reh'g and reh'g en banc (Sept. 9, 1994)).

Here, the Debtor's only asset of consequential value is the Real Property.  In addition, the Debtor has only two unsecured creditors and no employees, no income stream sufficient to pay the accruing monthly interest on the Real Property (much less fund a plan), and filed his petition mere minutes before the Second Confirmation Hearing—after this very Court dismissed the bankruptcy case of the Debtor's spouse and co-obligor, Jennifer Rader, with prejudice to refiling for 180 days.[2]

Thus, Valliance has made a *prima facie* showing of bad faith.  The Debtor cannot identify any unusual circumstances establishing that dismissing the case is not in the best interests of creditors and the estate.  *See* 11 U.S.C. § 1112(b)(2).  Further, conversion is not in the best interest of creditors and the estate since the Debtor has only two unsecured creditors and there is no equity in the Real Property.  Accordingly, the Debtor's bankruptcy case should be dismissed for cause.

## IV.   REQUEST FOR TIMELY HEARING

Section 1112(b)(3) of the Bankruptcy Code provides "[t]he court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph." 11 U.S.C. § 1112(b)(3).  Valliance *does not* expressly consent to a continuance of the hearing on this Motion.

## V.   CONCLUSION

WHEREFORE, Valliance Bank prays that the Court dismiss the Debtor's bankruptcy case and for such other and further relief as is just and proper.

---

[2] Case No. 26-11631-JDL, Doc. No. 24.

4

Respectfully submitted,

**PHILLIPS MURRAH P.C.**

*/s/ Jason A. Sansone*
Melvin R. McVay, Jr., OBA No. 6096
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
*Attorneys for Valliance Bank*

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on the 26th day of June, 2026, true and correct copies of the above and foregoing were mailed by first class mail, postage prepaid, to:

Pace Equity, LLC
731 N Jackson St., Suite 420
Milwaukee, WI 53202-4612

Samson MCA LLC
1545 Route 202., Ste 201
Pomona NY 10970-2951

United States Trustee
215 Dean A. McGee Ave., 4th Floor
Oklahoma City, OK 73102-3479

Brandon Scott Rader
740 Turnberry Ln
Edmond, OK 73025-2821

*/s/ Jason A. Sansone*
Jason A. Sansone, OBA No. 30913

6