**Dated: July 13, 2026**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | |
| BRANDON SCOTT RADER, | Case No. 26-12138-JDL |
| | Chapter 11 |
| Debtor. | |

**ORDER GRANTING MOTION OF VALLIANCE BANK
FOR RULE 2004 EXAMINATION OF DEBTOR, JENNIFER CATHERINE RADER,
AND FOR PRODUCTION OF DOCUMENTS**

This matter came before the Court on *Motion for Rule 2004 Examination of Debtor, Brandon Scott Rader, and for Production of Documents* [Doc. No. 16] (the "Motion") filed by Creditor Valliance Bank ("Valliance").[1]  Counsel for Valliance represents that the Motion was served upon all parties in interest on June 26, 2026, pursuant to Local Rule 9007.  No party timely filed an objection

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given in the Motion.

or response within the time to object, which expired on July 10, 2026.  Therefore, the Court finds that, for good cause shown, the Motion should be granted, and orders as follows:

1.     The Motion is granted, to the extent set forth herein.

2.     The Debtor shall appear for a Rule 2004 examination by Valliance at 9:00 a.m., July 14, 2026, and continuing thereafter until completed, at Phillips Murrah P.C., located at 424 NW 10th St., Suite 300, Oklahoma City, OK 73103 ("Phillips Murrah"), or at a place and time mutually agreeable to Valliance and the Debtor.

3.     The Rule 2004 examination may cover any matters allowed under Bankruptcy Rule 2004.

4.     No later than 5:00 p.m. CT on July 13, 2026 (unless the parties in writing mutually agree otherwise), the Debtor shall produce to Valliance electronically or physically at the offices of Phillips Murrah, for use at said examination, any of the following documents and materials that the Debtor has in her possession, custody, or control (collectively, "Documents"):

a)     income tax returns for tax years 2021, 2022, 2023, 2024, and 2025 for the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and Rader Construction, LLC;

b)     past forty-eight months of statements for all financial accounts at every financial institution (such as banks, savings and loan, brokerage houses, and credit unions) that the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and/or Rader Construction, LLC owned, controlled, or has been named as an accountholder over the same time period;

c)      past forty-eight months of statements for all credit card accounts held by the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and/or Rader Construction, LLC over the same time period, if any;

d)      any financial statements of the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and/or Rader Construction, LLC from the past forty-eight months, including by way of example, statements of financial condition, balance sheets, statements of cash flows, income statements, statements of operations, statements of profit and loss, general ledgers, and accounts receivable journals;

e)      titles to all motor vehicles, tractors, trailers, watercraft, aircraft, motor home, or other recreational vehicle owned or controlled by the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and/or Rader Construction, LLC; and

f)      insurance policies for the past twenty-four months regarding any property owned by the Debtor, Jennifer Catherine Rader, Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and/or Rader Construction, LLC.

5.      To the extent a Document(s) is(are) not produced, the Debtor is required to set forth the steps he took to locate and produce such documents.  If documents are in the hands of a third party over which Debtor has control, i.e. can request copies, then the Debtor is expected to take such action.

3

It will not be sufficient to state a document is not in Debtor's possession.

The prevailing party will effectuate service of the order on all interested parties.

Findings of fact are based upon representation of counsel.

IT IS SO ORDERED.

# # #

SUBMITTED BY:

**PHILLIPS MURRAH P.C.**

*/s/ Jason A. Sansone*
Melvin R. McVay, Jr., OBA No. 6096
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
***Attorneys for Valliance Bank***