**IN THE UNITED STATES BANKUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

IN RE: §
§ CASE NO. 26-12138
BRANDON RADER §
DEBTOR §

**DEBTOR'S AMENDED EMERGENCY MOTION FOR RECONSIDERATION OF (I) ORDER ON MOTION BY VALLIANCE BANK FOR ADEQUATE PROTECTION, OR ALTERNATIVELY, RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT OF PROPERTY [DOC. 30], AND (II) ORDER GRANTING MOTION OF VALLIANCE BANK FOR RULE 2004 EXAMINATION OF DEBTOR AND FOR PRODUCTION OF DOCUMENTS [DOC. 31]; REQUEST FOR EXPEDITED HEARING; AND MOTION TO STAY COMPLIANCE PENDING RULING**

<u>**NOTICE OF OPPORTUNITY FOR HEARING**</u>

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document. If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than the close of business of July 20, 2026. You should also serve a file-stamped copy of the response on the undersigned and file a certificate or affidavit of service with the Court.**

<u>**NOTICE OF HEARING**</u>

**Notice is hereby given that if a response to the above mentioned Motion is filed, the hearing on the matter will be held on July 23, 2026 at 10:00 am in the 2ⁿᵈ Floor Courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Ave, Oklahoma City, OK 73120. If no response is timely filed and the Court grants the requested relief prior to the above-reference date, the hearing will be struck from the docket of the Court.**

COMES NOW, Brandon Scott Rader (the "Debtor"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 (incorporating Federal Rules of Civil Procedure 59(e) and 60(b)), for reconsideration and vacatur of the two orders described above (collectively, the "Orders"), for a stay of the Debtor's compliance

obligations under the Orders pending the Court's ruling on this Motion, and for expedited consideration of this Motion. In support, the Debtor states as follows:

### I.  JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      The statutory predicates for the relief requested are Federal Rules of Bankruptcy Procedure 9023 and 9024, Federal Rules of Civil Procedure 59(e) and 60(b), and Local Rule 9013-1.

### II.  BACKGROUND

4.      The Debtor filed this Chapter 11 case pro se on June 26, 2026.

5.      On the same day, Valliance Bank ("Valliance") filed (i) its Motion for Adequate Protection, or Alternatively, Relief from the Automatic Stay and Abandonment of Property [Doc. 15], and (ii) its Motion for Rule 2004 Examination of Debtor, Brandon Scott Rader, and for Production of Documents [Doc. 16] (collectively, the "Motions"). Each Motion carried a fourteen (14) day response deadline pursuant to Local Rule 2004-1.A and Local Rule 9013-1.G.

6.      The response deadline for both Motions expired on July 10, 2026. The Debtor, proceeding without counsel for eleven of the fourteen days of the response period, did not retain undersigned counsel until July 7, 2026 — only three days before the deadline. By the time of retention, the response period had already run more than three-quarters of its course, and the Debtor, unrepresented and facing twelve other pending state-court collection and judgment actions, had neither the legal training nor the practical opportunity to prepare a substantive response to either Motion, each of which required analysis of multi-part statutory and evidentiary

standards under 11 U.S.C. § 362 and Bankruptcy Rule 2004 and, as to the 2004 Motion, review of document requests spanning four years and seven affiliated entities.

7.      Because no timely response was filed, the Court entered the following orders on July 13, 2026, treating the Motions as confessed pursuant to Local Rule 9013-1.E: (a) the Order on Motion by Valliance Bank for Adequate Protection, or Alternatively, Relief from the Automatic Stay and Abandonment of Property [Doc. 30] (the "Adequate Protection Order"); and (b) the Order Granting Motion of Valliance Bank for Rule 2004 Examination of Debtor, Jennifer Catherine Rader, and for Production of Documents [Doc. 31] (the "2004 Order").

8.      The Adequate Protection Order requires the Debtor to make a monthly adequate protection payment of $8,430.53 beginning July 15, 2026, and provides for self-executing relief from the automatic stay and abandonment of the Real Property upon any uncured default of seven (7) days following written notice — without further order of the Court.

9.      The 2004 Order requires the Debtor to (a) produce an extensive set of financial documents, tax returns, and records concerning himself, his spouse, and seven affiliated entities (Rader Realty, Inc., Maximillion Holdings LLC, Campbell 215, LLC, Monster Monster, LLC, Rader Building Company, Rader Development, LLC, and Rader Construction, LLC) by no later than 5:00 p.m. on July 13, 2026 — the same day the Order was entered — and (b) appear for examination at 9:00 a.m. on July 14, 2026, the following morning.

10.      The Debtor has now retained the undersigned counsel to represent him in this case. Given the timing of the Orders' entry and the compressed compliance deadlines they impose, the Debtor had no practical opportunity to comply with the document production deadline in the ordinary course, and cannot adequately prepare for the examination on the current schedule.

### III.  ARGUMENT

### A.  Standard for Reconsideration of a Default-Type Order

11.      Federal Rule of Civil Procedure 60(b)(1), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9024, permits a court to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Because the Orders were entered without any adjudication on the merits — solely as a consequence of the Debtor's failure to timely respond — they are properly analyzed under the excusable-neglect standard applicable to default-type rulings, rather than the more demanding "manifest error of law" standard that governs reconsideration of orders entered after a contested hearing.

12.      In determining excusable neglect, courts in the Tenth Circuit weigh: (i) the danger of prejudice to the non-movant; (ii) the length of delay and its potential impact on the proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

### B.  Application to the Adequate Protection Order and the 2004 Order

13.      Prejudice. Valliance will suffer minimal, if any, prejudice from a short extension of time to permit the Debtor, now represented by counsel, to be heard on the merits of the Motions. The case remains in its early stages; no final relief from the automatic stay has yet been exercised; and Valliance's underlying security interest in the Real Property is unaffected by the requested reconsideration.

14.      Length of delay and impact on proceedings. The delay at issue is minimal — the response deadline expired only three days before the Orders were entered, and this Motion is filed immediately upon the Debtor's retention of counsel and discovery of the Orders.

15.     <u>Reason for delay</u>. The delay was not the product of a strategic decision to ignore the Motions, but of a structural timing problem: the Debtor did not retain counsel until three days before a fourteen-day deadline that had been running, against an unrepresented pro se litigant facing twelve other pending collection actions, since the Motions were filed. No version of events following retention on July 7, 2026 permitted preparation of a substantive response to either Motion — particularly the 2004 Motion, which required review of financial records and document requests spanning four years and seven affiliated entities — within the three days remaining. The Debtor acknowledges that no motion for enlargement of time was filed and no request for an agreed extension was made of Valliance's counsel before the deadline, and does not overstate the diligence exercised during that three-day window. The Debtor submits, however, that the compressed timeline between retention and the deadline, standing alone, establishes that the delay was not within the Debtor's reasonable control in any meaningful sense, and that this Motion — filed immediately upon undersigned counsel's review of the docket and discovery of the Orders — reflects the promptness of the corrective action now being taken.

16.     <u>Good faith</u>. The Debtor has acted in good faith by promptly retaining counsel and seeking reconsideration at the earliest opportunity, rather than ignoring the Orders or the case.

**C.  The 2004 Order's Compliance Deadlines Are Not Practically Achievable and Should Be Stayed**

17.     Independent of the excusable-neglect analysis, the 2004 Order sets a document production deadline of 5:00 p.m. on the same date the Order was entered, and an examination the following morning. These deadlines afford no meaningful opportunity to gather records spanning forty-eight months across nine parties and entities, retain counsel, or prepare for examination, and

their enforcement as written would work a manifest injustice regardless of the underlying merits of Valliance's request for a Rule 2004 examination.

18.     The Debtor does not oppose an appropriately-scoped Rule 2004 examination and document production in principle; he seeks only a reasonable extension of time — to be addressed at the requested expedited hearing — to permit compliance in an orderly fashion.

### D.  The Adequate Protection Order's Self-Executing Stay Relief Provision Warrants Reconsideration

19.     The Adequate Protection Order's self-executing relief-from-stay mechanism — which operates automatically upon any uncured seven-day default, without further order of the Court — was entered without any opportunity for the Debtor to be heard on the amount of the adequate protection payment or the appropriateness of self-executing relief in the first instance. As set forth in Section III.E below, that amount was never litigated and does not reflect the parties' actual contract terms.

### E.  The Debtor Has a Meritorious Defense to the Underlying Motions

Reconsideration of a default-type order additionally requires a showing that the movant has a meritorious defense to the underlying motion. The Debtor has several, summarized here and to be developed fully in the Debtor's response to the Motions upon reconsideration.

20.     Service was never established of record. The Adequate Protection Order and the 2004 Order each recite only that "[c]ounsel for Valliance represents that the Motion was served upon all parties in interest," without a supporting certificate of service, affidavit, or other evidentiary showing in the record establishing that Local Rule 9007 was satisfied. Valliance, as the movant relying on a deemed-confessed default, bears the burden of establishing that service was properly effected, and the Debtor is entitled to require that showing before either Order stands.

21.    The existing equity cushion, standing alone, constitutes adequate protection and requires no cash payment. Valliance's own proof of claim materials value its claim at approximately $576,071.11. The Real Property has been valued, by Valliance's own appraisal, at $1,200,000.00; by the actual sheriff's sale bid, at $1,013,000.00; and by BancFirst's independent USPAP appraisal, at $1,550,000.00. On any of these figures, after accounting for approximately $47,324.49 in senior ad valorem tax arrears, Valliance retains an equity cushion of roughly 39% to 60% in the Real Property. Junior liens, including BancFirst's second-position mortgage, are excluded from this calculation because they are subordinate to Valliance's first-position interest. An equity cushion of this magnitude is, by itself, sufficient adequate protection as a matter of law, without any requirement of monthly cash payments. Pistole v. Mellor (In re Mellor), 734 F.2d 1396, 1400–01 (9th Cir. 1984) (20% equity cushion constitutes adequate protection without payments; junior liens excluded from the calculation).  Adequate protection under 11 U.S.C. § 361 and § 362(d)(1) guards only against decline in collateral value during the pendency of the stay; it does not compensate a creditor, oversecured or not, for the delay itself. United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365 (1988). Any interest to which an oversecured creditor such as Valliance is entitled under 11 U.S.C. § 506(b) is properly paid from the cushion upon allowance of its claim, not extracted as monthly cash during the case.

22.    In the alternative, the $8,430.53 monthly figure applies an unlitigated default rate that does not reflect the parties' actual contract terms. The $8,430.53 monthly payment required by the Adequate Protection Order corresponds to interest accruing at approximately 18% per annum — the note's post-maturity default rate — rather than any rate the parties' course of dealing has actually applied. The record reflects a contract rate of 5.15% (WSJ Prime plus 0.50%), a monthly payment of $3,503.51 confirmed by Valliance's own past-due payment reminders and its

representative's February 25, 2026 workout correspondence; a July 28, 2025 modification to 7.50%; and an $8\%/360$-day interest calculation of $3,328.56 to $3,439.51 per month set out in Valliance's own counsel's November 5, 2025 forbearance draft. The $8,430.53 figure, by contrast, appears to have been carried over from a default order entered in the separate, dismissed bankruptcy case of the Debtor's spouse, and has never been litigated or tested against the actual note terms in this case.

23.    Default-rate interest under 11 U.S.C. § 506(b) is a rebuttable presumption, not an entitlement, and is subject to reduction on equitable grounds where the spread between the default and non-default rates is penalty-sized. In re Terry Ltd. P'ship, 27 F.3d 241, 243 (7th Cir. 1994) (post-Ron Pair decisions establish "a presumption in favor of the contract rate subject to rebuttal based upon equitable considerations"); In re 785 Partners LLC, 470 B.R. 126, 131 (Bankr. S.D.N.Y. 2012).  Here, the spread between the note's approximately 18% default rate and the parties' own 7.5–8% contract-rate pricing is of comparable or greater magnitude, and no evidentiary record yet supports imposing the higher rate as a monthly cash obligation.

24.    The 2004 Order independently misidentifies the examinee and exceeds the scope of the underlying motion. The Motion for Rule 2004 Examination [Doc. 16] sought examination of the Debtor, Brandon Scott Rader, only. The resulting Order, however, is captioned and in part directed at examination of "Jennifer Catherine Rader" — the Debtor's non-debtor spouse, who is not a party to this case — and compels production, through the Debtor, of her complete personal financial records, including her individual tax returns, forty-eight months of her personal bank and credit card statements, her financial statements, and her insurance policies. This appears to be a drafting carryover from parallel papers filed in Ms. Rader's separate, dismissed bankruptcy case, Case No. 26-11631-JDL, rather than a deliberate request directed at this Debtor's examination.

Regardless of the outcome of the excusable-neglect analysis above, this scope defect independently warrants correction of the 2004 Order.

25.     Any payment made by the Debtor pending resolution of this Motion is made under protest and without waiver. To the extent the Court does not stay the Adequate Protection Order's payment obligation pending its ruling on this Motion, any payment made by the Debtor in the interim is made under protest, with all rights reserved, and subject to credit or disgorgement depending on the outcome of this Motion and the underlying Motion for Adequate Protection.

## IV.  REQUEST FOR EXPEDITED HEARING AND INTERIM STAY

26.     Given that the document production deadline under the 2004 Order has already passed and the examination is scheduled for the morning after this Motion is filed, the Debtor respectfully requests that the Court (a) treat this Motion as a request for expedited consideration under Local Rule 9013-1.K, and (b) enter an interim order staying the Debtor's compliance obligations under both Orders — including the July 14, 2026 examination and any accrual of default under the Adequate Protection Order — pending a ruling on this Motion.

27.     Undersigned counsel is contacting the courtroom deputy clerk by telephone and email contemporaneously with this filing to advise the Court of this request, as required by Local Rule 9013-1.K.

## V.  CONCLUSION

28.     WHEREFORE, the Debtor respectfully requests that this Court: (a) enter an interim order staying the Debtor's obligations under the Adequate Protection Order [Doc. 30] and the 2004 Order [Doc. 31] pending a ruling on this Motion; (b) set this Motion for expedited hearing; (c) upon such hearing, vacate or modify the Orders, correct the 2004 Order's scope defects as to Jennifer Catherine Rader, and permit the Debtor to respond to the underlying Motions on the

merits, including the adequate-protection defenses set forth in Section III.E above; and (d) grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

/s/Robert C. Newark, III
Robert C. Newark, III, OBA# 21992
1019 Waterwood Pkwy, Ste C
Edmond, OK  73034
Telephone: (866) 230-7236
Facsimile: (888) 316-3398
e-mail:
robert@newarkfirm.com
**Proposed    Attorney    for Debtor**

**CERTIFICATE OF SERVICE**

This is to certify that on 15th day of July, 2026, a true and correct copy of the foregoing was served electronically via the Court's ECF System on all parties registered to receive electronic notice in this case and by first-class mail, postage prepaid, on all other parties in interest on the mailing matrix.

/s/Robert C. Newark, III
Robert C. Newark, III, OBA# 21992