**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

BRANDON SCOTT RADER,

      Debtor.

Case No. 26-12138-JDL
Chapter 11

**CREDITOR VALLIANCE BANK'S OBJECTION TO DEBTOR,**
**BRANDON SCOTT RADER'S, SMALL BUSINESS DEBTOR DESIGNATION**
**AND BRIEF IN SUPPORT, AND NOTICE AND OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

Valliance Bank ("Valliance"), a creditor in the above-captioned bankruptcy case, by and through its undersigned counsel, pursuant to Rule 1020(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully objects to Brandon Scott Rader's (the "Debtor") election to have section 101(51D) of title 11 of the United States Code (the "Bankruptcy Code") apply to this bankruptcy case and moves this Court for entry of an order revoking the Debtor's Small Business Debtor designation. In support hereof, Valliance states as follows:

**I. JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Western District of Oklahoma (the "Court") has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief sought herein is Bankruptcy Rule 1020(b).

## II.  RELEVANT BACKGROUND

4.      On June 26, 2026 (the "Petition Date"), the Debtor commenced this case through the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code.  Doc. No. 1 (the "Petition").

5.      The Petition elects to proceed as a Small Business Debtor.  *Id*. at 4.

6.      The Petition identifies the Debtor's liabilities on the Petition Date as exceeding $10,000,000.00.  *Id*. at 7.

7.      As of the filing of this objection, the Debtor's Section 341(a) Meeting of Creditors has not been held.

## III.  ARGUMENTS AND AUTHORITIES

Bankruptcy Rule 1020(b) allows the U.S. Trustee or a party in interest to raise an objection to a debtor's Small Business Debtor designation within 30 days after the first meeting of creditors, or after any amendment to such designation, whichever is later.  Bankruptcy Rule 1020(b); *In re Bridle Path Partners, LLC*, No. BR 23-23960, 2024 WL 86601, at *3 (Bankr. D. Utah Jan. 8, 2024).  When faced with such an objection, the Debtor bears the burden to prove its eligibility under the Bankruptcy Code. *Id*. (*citing In re Ikalowych*, 629 B.R. 261, 275 (Bankr. D. Colo. 2021); *In re Quadruple D Tr.*, 639 B.R. 204, 214 (Bankr. D. Colo. 2022).

If the Court finds that the Debtor does not qualify as a Small Business Debtor, it may revoke the Debtor's designation.  *In re Bridle Path Partners, LLC*, 2024 WL 86601 at *3.  Here, the Debtor's designation must be revoked due to having aggregate, noncontingent, liquidated secured and unsecured debts in an amount greater than $3,424,000.00.

To determine eligibility (based on a debt cap calculation) as of the Petition Date, the Court generally must "look at the debtor's schedules and the timely-filed proofs of claim." *In re Lower*, 311 B.R. 888, 891 (Bankr. D. Colo. 2004).  The Petition identifies the Debtor's liabilities on the Petition Date as exceeding $10,000,000.00.  *Id*. at 7.  Accordingly, under penalty of perjury, the Debtor has attested that he is ineligible to proceed as a Small Business Debtor.

### IV.  <u>CONCLUSION</u>

WHEREFORE, Valliance Bank respectfully objects to the Debtor's election to have section 101(51D) of title 11 of the Bankruptcy Code apply to this bankruptcy case and moves this Court for entry of an order revoking the Debtor's Small Business Debtor designation.

Respectfully submitted,

**PHILLIPS MURRAH P.C.**

*/s/ Jason A. Sansone*
Melvin R. McVay, Jr., OBA No. 6096
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
***Attorneys for Valliance Bank***

3