**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:                                                    )
                                                          )
BRANDON SCOTT RADER,                                      ) Case No. 26-12138-JDL
                                                          ) Chapter 11
Debtor.                                                   )

**DEBTOR'S RESPONSE TO VALLIANCE BANK'S MOTION TO DISMISS BANKRUPTCY**
**CASE [DOC. 17], THE UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE [DOC. 24],**
**AND VALLIANCE BANK'S JOINDER THERETO [DOC. 26]**

Brandon Scott Rader, debtor and debtor-in-possession ("Debtor"), by and through undersigned counsel, respectfully submits this response ("Response") in opposition to: (i) *Valliance Bank's Motion to Dismiss Bankruptcy Case* [Doc. 17] ("Valliance MTD"); (ii) the *Motion of the United States Trustee to Dismiss Case* [Doc. 24] ("UST MTD"); and (iii) *Valliance Bank's Joinder to the United States Trustee's Motion to Dismiss* [Doc. 26] ("Joinder," and together with the Valliance MTD and UST MTD, the "Motions"). All three Motions are set for hearing on July 23, 2026, at 10:00 a.m., together with Debtor's own *Amended Emergency Motion for Reconsideration* [Doc. 44] of the Adequate Protection Order [Doc. 30] and the Rule 2004 Order [Doc. 31]. The Motions and Doc. 44 rely substantially on overlapping facts and the same equity-cushion evidence, and Debtor addresses the Motions together for the Court's convenience, without waiving any right to request separate treatment. In support, Debtor states as follows.

## I. PRELIMINARY STATEMENT

1.      Movants ask this Court to dismiss Debtor's case for cause under 11 U.S.C. § 1112(b), principally on theories of bad faith and, as to the United States Trustee, additional statutory grounds under § 1112(b)(4). Debtor does not dispute that his case was filed shortly before a scheduled Sheriff Sale confirmation hearing, that his wife's separate case was dismissed with a 180-day refiling bar, or that Movants' own filings reflect a contentious pre-petition history. But dismissal for cause under § 1112(b) is not automatic on these facts alone, and several of Movants'

central premises are directly undercut by Movants' own sworn filings — most notably Valliance's own admission, in its contemporaneously filed Motion for Adequate Protection [Doc. 15] at n.2, that "[t]o the extent Valliance is oversecured, Valliance is nonetheless entitled to post-petition interest," and Valliance's own recitation that the Real Property appraised for $1,200,000.00 (Doc. 15, Ex. 10) and sold at Sheriff Sale for $1,013,000.00 (Doc. 15, Ex. 11) against a Valliance claim of no less than $576,071.11 (Doc. 15 ¶ 23; Proof of Claim No. 1).

2.      Debtor generally denies each of the factual and legal characterizations advanced in the Motions concerning his assets, income, business operations, and the circumstances and timing of the petition, and will address each in detail, with supporting exhibits and testimony, in an amended response and at the hearing.

## II. JURISDICTION, VENUE, AND LEGAL STANDARD

3.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

4.      Section 1112(b)(1) provides that, on request of a party in interest and after notice and a hearing, the Court *"shall"* convert or dismiss a case "for cause," whichever is in the best interests of creditors and the estate, *unless* the Court finds and specifically identifies unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1)-(2).

5.      The burden to show cause rests on the movant by a preponderance of the evidence. In re Forest Hill Funeral Home & Mem'l Park, 364 B.R. 808, 819 (Bankr. E.D. Okla. 2007). Once a movant makes a prima facie showing of bad faith, the burden shifts to the debtor to establish that the case was filed in good faith. Id.

6.      The Tenth Circuit has identified six non-exclusive factors relevant to bad faith: (1) the debtor has one asset; (2) the pre-petition conduct of the debtor has been improper; (3) there are only a few unsecured creditors; (4) the debtor's property has been posted for foreclosure and the debtor has been unsuccessful defending the foreclosure in state court; (5) the debtor has no ongoing business or employees; and (6) the lack of possibility of reorganization. In re Nursery Land Dev., Inc., 91 F.3d 1414, 1416 (10th Cir. 1996). No single factor is dispositive; the inquiry looks to the cumulative, totality-of-the-circumstances picture.

### III. RESPONSE TO THE NURSERY LAND DEV. BAD-FAITH FACTORS

A.      **Single Asset**.  Debtor denies that the Real Property is his only asset of consequential value and will identify his additional assets, including any business interests, by amendment and at the hearing.

B.      **Pre-Petition Conduct.** Debtor denies that his pre-petition conduct was improper and will address the circumstances of his dealings with Valliance, BancFirst, and the affiliated entities identified in the Motions by amendment and at the hearing.

C.      **Number of Unsecured Creditors.**  Movants point to the small number of unsecured creditors as a bad-faith indicator. Standing alone, a small unsecured creditor body is common in cases centered on a single significant secured debt and is not, by itself, probative of bad faith; it must be weighed together with the other factors, several of which cut in Debtor's favor for the reasons stated herein.

D.      **Foreclosure History.**  Debtor does not dispute that the Real Property sold at Sheriff Sale on March 17, 2026, and that confirmation of that sale was pending when this case was filed. That circumstance is common to many good-faith Chapter 11 filings by individuals seeking to

preserve equity in real property through reorganization, and does not by itself establish bad faith. Debtor will address the state-court foreclosure proceedings in further detail by amendment.

**E.    Ongoing Business, Employment, and Income.**   Debtor denies that he has no ongoing business or income sufficient to fund a plan and will identify his income source(s) and supporting documentation by amendment and at the hearing.

**F.    Possibility of Reorganization.**   This is the factor most directly addressed by the existing record. Movants' own filings establish that Valliance's claim — the claim that gives rise to both the Valliance MTD and the underlying Motion for Adequate Protection — is **oversecured** by a substantial equity cushion. Valliance's own Motion for Adequate Protection recites that the Real Property appraised for $1,200,000.00 on February 9, 2026 (Doc. 15 ¶ 21, Ex. 10) and sold at Sheriff Sale for $1,013,000.00 on March 17, 2026 (Doc. 15 ¶ 22, Ex. 11), while "Valliance's claims under the Loan Documents are no less than $576,071.11" (Doc. 15 ¶ 23, citing Proof of Claim No. 1). An independent USPAP appraisal obtained by BancFirst values the Real Property even higher, at $1,550,000.00. On any of these figures, and after accounting for approximately $47,324.49 in senior ad valorem tax arrears, Valliance retains an equity cushion of roughly 39% to 60% in the Real Property — a cushion calculated without regard to BancFirst's junior, second-position mortgage, which is properly excluded from a senior lienholder's equity-cushion calculation. Pistole v. Mellor (In re Mellor), 734 F.2d 1396, 1400-01 (9th Cir. 1984) (20% equity cushion constitutes adequate protection without payments; junior liens excluded from the calculation).

Valliance itself acknowledges the possibility of its own oversecured status: "To the extent Valliance is oversecured, Valliance is nonetheless entitled to post-petition interest." (Doc. 15 at 9 n.2, citing In re Trinity Precision Flow Control, LLC, No. 10-80341-TRC, 2010 WL 1849412, at *2 (Bankr. E.D. Okla. May 6, 2010)). An equity cushion of this magnitude protects Valliance's

interest in the Real Property independent of any cash adequate-protection payment, see United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365 (1988) (adequate protection guards against decline in collateral value during the stay; it does not compensate a creditor for delay itself); Bankers' Bank of Kansas, NA v. Bluejay Props., LLC, BAP No. KS-12-105 (B.A.P. 10th Cir. Mar. 12, 2014) (unpublished, cited for persuasive value) (where the value of secured property exceeds the creditor's claim by a reasonable margin and is unlikely to decrease, the claim is adequately protected regardless of the number or types of security the creditor holds), and directly undercuts the premise — repeated in both the Valliance MTD and the UST MTD — that reorganization around the Real Property is categorically impossible.

Debtor's related Amended Emergency Motion for Reconsideration [Doc. 44] develops this equity-cushion evidence more fully, including as to the propriety of the $8,430.53 monthly adequate-protection figure (which reflects the Note's approximately 18% default rate rather than the parties' 5.15%-7.5% contract rate), citing In re Terry Ltd. P'ship, 27 F.3d 241, 243 (7th Cir. 1994). Debtor incorporates that motion and its exhibits by reference and requests that the Court consider the two matters together.

## IV. RESPONSE TO THE UNITED STATES TRUSTEE'S ADDITIONAL STATUTORY GROUNDS

The UST MTD raises several grounds not present in the Valliance MTD, each of which the Debtor addresses below.

**A.    Small Business Debtor Designation.** The UST correctly notes that Debtor's estimated debt range, if accurate, would place him above the small business debtor threshold under 11 U.S.C. § 101(51D). This is a designation error subject to correction by amendment of the

petition and is not, standing alone, a basis for dismissal under § 1112(b). Debtor will file an amendment correcting the designation.

**B.      Schedules, Statement of Financial Affairs, and Credit Counseling Certificate**

Contrary to the UST MTD's suggestion that Debtor has not completed credit counseling, Debtor completed his credit counseling course on the Petition Date, June 26, 2026, as reflected in Certificate No. 15725-OKW-CC-041139087. Debtor will confirm the current filing status of his Schedules and Statement of Financial Affairs by amendment, and to the extent either remains outstanding, will complete it promptly.

**C.      Insurance and Cooperation with the United States Trustee**.  Debtor denies that he has failed or refused to cooperate with the United States Trustee. Debtor has provided counsel with insurance binders for the Real Property and his personal vehicles, and has separately provided documentation reflecting the establishment of debtor-in-possession accounts at Ocean Bank and Banc of California, both depositories approved by the United States Trustee. Debtor will confirm and document delivery of this and any outstanding information directly to UST Auditor Shannon Vencill by amendment and at the hearing.

**D.      Ad Valorem Taxes**.  The UST MTD states that Debtor owes $47,324.49 in delinquent ad valorem taxes on the Real Property. Debtor's own review to date reflects a lower arrearage, potentially in the range of $29,000, with a portion possibly already paid. Debtor will reconcile this discrepancy against actual payment records and address his plan for curing any remaining arrearage by amendment.

**E.      Timing of the Petition Relative to Jennifer Rader's Case.** Debtor denies that the timing of the petition reflects bad faith and will explain the circumstances of the filing, in relation to Jennifer Rader's case, by amendment and at the hearing.

## V. CONCLUSION

For the foregoing reasons, Debtor respectfully requests that the Court deny the Valliance MTD, the UST MTD, and the Joinder in their entirety, or, in the alternative, grant Debtor a short continuance to cure the specific deficiencies identified above, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Robert C. Newark III
Robert C. Newark III, OBA No. 21992
Newark Law Offices
1019 Waterwood Pkwy, Ste C
Edmond, OK 73034
Telephone: 866-230-7236
Fax: 888-316-3398
Email: robert@newarkfirm.com

Counsel for Debtor, Brandon Scott Rader

## CERTIFICATE OF SERVICE

This is to certify that on July 17, 2026, a true and correct copy of the foregoing was served electronically via the Court's ECF System on all parties registered to receive electronic notice in this case, including counsel for Valliance Bank (Phillips Murrah P.C.) and the Office of the United States Trustee (Jeffrey E. Tate), and by first-class mail, postage prepaid, on all other parties in interest on the mailing matrix.

s/ Robert C. Newark III
Robert C. Newark III, OBA No. 21992

Label Matrix for local noticing
1087-5
Case 26-12261
Western District of Oklahoma
Oklahoma City
Fri Jul 17 16:32:53 CDT 2026

BancFirst
100 N Broadway Ste 1500
Oklahoma City, OK 73102-8601

Campbell 215, LLC
217 Campbell St
Edmond, OK 73034-4660

PACE Equity, LLC
Pierce Couch Hendrickson Baysinger Green
1109 N. Francis Ave.
P.O. Box 26350
Oklahoma City, OK 73126-0350

Afterthoughs, LLC
c/o Conner Sikes, Registered Agent
15020 Bristol Park Blvd., Suite 73013-4202

Bakafe, LLC
c/o Enoch Akinwale, Member
228 Spring Creek Rd 73117-1703

BancFirst
101 N. Broadway Ave,
Oklahoma City, OK 73102-8405

Brewer Carper One
c/o Josh Davis
300 S. Portland Ave. 73108-1000

CCEHG 2024 Campbell, LLC
c/o Jason A. Dunn, Perri Dunn PLLC
100 N. Broadway Ave, Suite 73102-8830

Duncan Glass and Mirror Inc
c/o Daniel Diaz, Registered Agent
2916 Northwest 30th St. 73112-6906

Graco Roofing and Construction LLC
208 NW 142nd St
Oklahoma City, OK 73112

HSE Architects, LLC
c/o Larry Herzel, Registered Agent
914 N. Broadway Ave., Suite 200
Oklahoma City, OK 73102-5847

Hall Estill
100 N. Broadway Ste 2900
Oklahoma City, OK 73102-8865

Integrated HVAC
7400 W. Reno Ave
Blanchard, OK 73010

Joel Harmon
324 N. Robinson Ave Ste 100
Oklahoma City, OK 73102-6417

Metro Builders Supply Inc dba Metro Appl
7400 W. Reno Ave 73127-9701

Samson MCA
7666 E. 61st StSte 550
Tulsa, OK 74133-1199

Sandpiper Plumbing and Construction
c/o Heather McNally
3334 Southeast 16th St.
Oklahoma City, OK 73115-1404

Steve Frazier
c/o Derryberry & Naifeh, LLP (Jerome S.
4800 N. Lincoln Boulevard 73105-3321

United States Trustee
United States Trustee
215 Dean A. McGee Ave., 4th Floor
Oklahoma City, OK 73102-3479

Weibee Steel
c/o Angelina Hernandez
2103 E. Ladd Road
Washington, OK 73093-9188

Woodpecker Carpenter
c/o Pablo Hidalgo Valladarez, Registered
621 Whispering Oak Rd. 73127-5224

Robert C Newark III
1019 Waterwood Pkwy Ste C
Edmond, OK 73034-5329

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)City of Edmond

(u)City of Edmond Utility

(u)Milwaukee, WI 53202

(u)OG&E                          (u)Oklahoma County                        (u)Oklahoma Natural Gas


(u)Oklahoma Tax Commission       (u)Pace Equity LLC                        End of Label Matrix
                                 731 North Jackson Street, Suite 818       Mailable recipients    22
                                                                           Bypassed recipients     8
                                                                           Total                  30