**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: | |
| RADER, BRANDON SCOTT, | Case No. 26-12138-JDL |
| Debtor. | Chapter 11 |

**AMENDED MOTION FOR REVIEW OF ATTORNEY'S COMPENSATION PURSUANT TO 11 U.S.C. § 329, WITH BRIEF, NOTICE OF OPPORTUNITY FOR HEARING, AND NOTICE OF HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the court.

**[Note – this is a flat 14 days regardless of the manner of service.]**

**NOTICE OF HEARING**
**(TO BE HELD IF A RESPONSE IS FILED)**

**Notice is hereby given that if a response to the above motion is filed, the hearing on the matter will be held on November 19, 2026, at 10:00 a.m. in the 2nd Floor Courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102. If no response is timely filed and the court grants the requested relief prior to the above-referenced hearing date, the hearing will be stricken from the docket of the Court.**

United States Trustee, Ilene J. Lashinsky ("**UST**"), moves for review of attorneys' compensation of Robert C. Newark, III ("**Mr. Newark**") under 11 U.S.C. §§ 105 and 329, as well as Fed R. Bankr. P. 2016 and 2017.

## I. Introduction.

Mr. Rader filed this case *pro se* on June 26, 2026, with a "bare-bones" Petition. The bankruptcy estate of Campbell 215, LLC paid Mr. Newark a post-petition retainer of $10,000.00 on July 7, 2026, to represent Mr. Rader in his personal chapter 11 case. [Doc. 60, p. 3, ¶ 1.]

On July 15, 2026, Mr. Newark filed his Entry of Appearance and two motions, but never filed schedules, a Statement of Financial Affairs, or any first day motions for Mr. Rader. The UST asks the Court to review the reasonableness of Mr. Newark's fees.

## II. Role of the UST.

1. The United States Trustee is an official of the Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases. 28 U.S.C. §§ 581 – 589.

2. U.S. Trustees act as "watchdogs ... prevent[ing] fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95–595, 95th Cong. 1st Sess. at 88, 1978 U.S. Code Cong. & Admin. News pp. 5963, 6049.

3. The UST has a statutory obligation to oversee the administration of bankruptcy cases , including professional compensation, regardless of whether a specific Mr. Rader complains about a proceeding or about legal services rendered in connection with his or her case.

## III. Relevant Facts.

### A. Pre-bankruptcy matters:

4. Mr. Rader owns 100% of Campbell 215, LLC ("**Campbell 215**").

5. Mr. Rader is married to Jennifer Catherine Rader ("**Mrs. Rader**").

6. Mrs. Rader filed a *pro se* bankruptcy shortly before the Confirmation Hearing of a state court sheriff sale of her and Mr. Rader's home.

7. An Order dismissing her case was entered on June 8, 2026, which included a 180-day bar from refiling. [26-11631, Doc. 24, p. 4, ¶ 3.]

8. Mr. Rader was a defendant in 12 active cases when he filed bankruptcy (case names have been shortened):

*Francisco Ortiz, v. Brandon Rader*, Oklahoma County Case CS-2024-10177;

*CCEHG-2024-Campbell, LLC v. Brandon Rader*, Oklahoma County Case CJ-2025-2342 (*$943,089.15 Agreed Judgment entered November 18, 2025*);

*Sandpiper Plumbing & Construction LLP, v. Brandon Rader*, Oklahoma County Case CJ-2025-3863;

*Hernandez Sprinkler & Landscaping, LLC v. Brandon Rader*, Oklahoma County Case CJ-2025-5305;

*HSE Architects, LLC, v. Brandon Rader*, Oklahoma County Case CJ-2025-5542;

*Valliance Bank v. Brandon Rader and Jennifer Rader*, Oklahoma County Case CJ-2025-7214 (*$500,000.00+ Judgment entered January 15, 2026*);

*Pace Equity LLC, v. Brandon Rader*, Oklahoma County Case CV-2025-2983 (*domestication of $400,000.00 foreign Judgment*)

*Edmond Spiritual Assembly of the BahaIs Of Edmond, a/k/a Spiritual Assembly of the Bahai's of Edmond v. Brandon Rader*, Oklahoma County Case CJ-2026-707;

*Capital One, N.A. v. Brandon Rader*, Oklahoma County Case CJ-2026-1295;

*Capital One, N.A. v. Brandon Rader*, Oklahoma County Case CJ-2026-300;

*Samson MCA LLC, v. Brandon Rader and Jennifer Rader*, Oklahoma County Case CV-2025-2055 (*domestication of $267,407.74 foreign Judgment*);

*Pinpar Lending LLC, v. Brandon Rader and Jennifer Rader*, Oklahoma County Case CJ-2025-3439 (*$350,000.00 Judgment entered September 11, 2025*)

## B. Mr. Rader's Chapter 11 Bankruptcy Case:

9. Mr. Rader filed this *pro se* bare-bones chapter 11 case on June 26, 2026.

10. Valliance Bank obtained an adequate protection Order [Doc. 30] and an Order for a 2004 exam [Doc. 31] on July 13, 2026. Both orders were entered by default because Mr. Rader did not object to the corresponding motions [collectively the "**Default Orders**"].

11. Mr. Newark began representing Mr. Rader in this case three days before the deadline to object to the motions corresponding to the Default Orders; he did not timely object to those motions. [Doc. 44, p. 2, ¶¶ 6, 7.]

12. Instead, on July 15, 2026, Mr. Newark filed an Entry of Appearance [Doc. 32], as well as an Emergency Motion [Doc. 33], and a required Amended Emergency Motion [Doc. 44] asking the Court to reconsider the Default Orders.

13. Instead of seeking additional time to respond to the motions, Mr. Newark consciously allowed the deadlines to pass, and requested emergency relief after the Default Orders were entered.

14. Mr. Rader's case was dismissed after an evidentiary hearing on July 27, 2026. [Doc. 58]

15. Mr. Rader has yet to pay its quarterly fees, the minimum amount of which would be $500.00 for the two quarters his case overlapped while open.

16. He never filed any required bankruptcy schedules or statements in the case.

17. No application to hire Mr. Newark was filed in this case.

18. No first day motions were filed in this case.

**C. Campbell 215's Bankruptcy Case:**

19. Campbell 215 filed a bare-bones chapter 11 case July 6, 2026. [26-12261, Doc. 1.]

20. Mr. Newark began representing Campbell 215 before it filed bankruptcy, and before he agreed to represent Mr. Rader in this case.

21. Campbell 215 never filed any required bankruptcy schedules or statements in its case.

22. Campbell 215's case was dismissed without objection on August 6, 2026. [Doc. 17]

23. Campbell 215 has yet to pay its quarterly fees, the minimum amount of which would be $500.00 for the second and third quarters of 2026.

**D. Mr. Newark's Form 2030 Disclosure:**

24. Mr. Newark filed his first and only Form 2030 Disclosure of Compensation of Attorney for Mr. Rader on July 27, 2026 [Doc. 60] (the "**Declaration**"), the same day the Court entered an Order dismissing this case [Doc. 58].

25. The Declaration states that Mr. Newark was paid $10,000.00. [Doc. 60, p. 1]

26. Paragraphs One through Three of the Declaration state [Doc. 60, p. 3]:

> 1. The $10,000.00 disclosed as received in Item 1 of the accompanying Form 2030 was paid by wire transfer received on or about July 7, 2026, sent from an account held by Campbell 215, LLC, a separate Chapter 11 Mr. Rader before this Court, Case No. 26-12261-JDL, of which the Mr. Rader is the controlling member. The wire was sent at the Mr. Rader's direction and for the Mr. Rader's benefit, to fund his individual retention of the undersigned in this case.
>
> 2. The undersigned discloses, upon review of banking records undertaken in the ordinary course of preparing this disclosure, that the July 7, 2026 wire was transmitted from Campbell 215, LLC's account after the July 6, 2026 petition date in Campbell 215, LLC's own Chapter 11 case. Upon discovering this transfer, undersigned counsel advised the Mr. Rader that the transfer should be treated as a loan from Campbell 215, LLC to the Mr. Rader, and advised the Mr. Rader to reimburse Campbell 215, LLC the full $10,000.00. As of the date of this disclosure, that reimbursement has not been made.
>
> 3. The Mr. Rader has instead proposed that undersigned counsel personally transfer $10,000.00 to Campbell 215, LLC to cure the transfer; undersigned counsel has declined to do so, as the obligation to reimburse the estate rests with the Mr. Rader, not with counsel. Counsel continues to advise the Mr. Rader that reimbursement is required and is prepared to seek appropriate relief from the Court in the Campbell 215, LLC case, including an order directing reimbursement or such other relief as the Court deems proper.

27. Thus, on or about July 7, 2026, Mr. Newark agreed to represent Mr. Rader in his personal chapter 11 case. Mr. Rader is a guarantor / state court co-judgment Mr. Rader on multiple obligations with Campbell 215.

28. Moreover, while testifying at Campbell 215's 341 MOC, Mr. Rader divulged receiving thousands of dollars in other preference payments from Campbell 215.

29. Representing both Mr. Rader and Campbell 215 created a conflict of interest.

30. Mr. Newark has not filed an application to approve his fees in this case.

**IV. The amount and timing of work done in this case do not appear to support attorneys' fees close to $10,000.00.**

31. Bankruptcy Rule 2017 mandates court review of all bankruptcy related fees, whether pre- or post-petition, to determine whether those fees are excessive. *In re Milner*, 612 B.R. 415, 434 (Bankr. W.D. Okla. 2019) (citing *In re Brown*, 371 B.R. 486, 497 (Bankr. N.D. Okla. 2007).

32. Section 329(b) provides: "If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, . . .."

33. The "In determining whether attorneys' fees are unreasonable or excessive under section 329, courts are guided by section 330 of the Code dealing with compensation of officers." *Matter of Wiredyne, Inc.*, 3 F.3d 1125, 1128 (7th Cir. 1993) citing *In re Vann*, 136 B.R. 863, 868 (D. Colo. 1992) *aff'd*, 986 F.2d 1431 (10th Cir. 1993).

34. One factor the Court should consider in determining the reasonableness of the fees is set out in section 330(a)(3)(C), which states, "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C).

35. Mr. Newark was paid $10,000.00 either before or after Mr. Rader's case was filed. [Doc. 60, p. 3, ¶ 1, "The $10,000.00 disclosed as received in Item 1 of the accompanying Form 2030 was paid by wire transfer ***received on or about*** July 7, 2026,…(emphasis added)]"

36. The UST requests this Court to determine whether compensation paid or to be paid to Mr. Newark by or on behalf of the Mr. Rader is excessive in light of (i) the lack of first day motions, (ii) the lack of bankruptcy schedules or statements, (iii) his failure to prevent entry of Default Orders by filing appropriate pleadings before the associated deadlines, and (iv) his apparent failure to assist the Mr. Rader in complying with § 1107 and Rule 1007.

37. If the Court ultimately finds that compensation paid to Mr. Newark was unreasonable under the circumstances, the UST requests that the Court order the return of any amount found to be excessive as provided by 11 U.S.C. § 329(b), less $500.00 that the UST requests be ordered to be used to satisfy Mr. Rader's outstanding quarterly fees.

Respectfully submitted

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

s/ Jeffrey E. Tate
Marjorie J. Creasey, OBA #17819
Jeffrey E. Tate, OBA #17150
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK 73102
(202) 603-5228 | (405) 231-5958 [fax]
Marjorie.Creasey@usdoj.gov
Jeff.Tate@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that on September 18, 2026, the undersigned served a true and correct copy of the foregoing motion by first class mail, postage prepaid, on those parties in interest set forth on the mailing list attached to the original motion filed with the Court, and to:

Robert C. Newark, III
1019 Waterwood Pkwy, Ste C
Edmond, OK 73034
robert@newarkfirm.com
Attorney for Mr. Rader

s/ Jeffrey E. Tate
Jeffrey E. Tate, OBA #17150