**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 26-12138-JDL** |
| **BRANDON RADER** | § | |
| **DEBTOR** | § | |

**RESPONSE OF ROBERT C. NEWARK, III TO THE UNITED STATES TRUSTEE'S AMENDED MOTION FOR REVIEW OF ATTORNEY'S COMPENSATION PURSUANT TO 11 U.S.C. § 329 [DOC. 75]**

Robert C. Newark, III ("Counsel"), who represented the Debtor in this case from July 7, 2026 through its dismissal, responds to the United States Trustee's Amended Motion for Review of Attorney's Compensation [Doc. 75] (the "Motion"). Counsel does not contest the Court's authority to review the compensation disclosed in his Form 2030 statement [Doc. 60], and he submits his time records as Exhibit A so the Court can do so on a complete record. Counsel makes the statements in this Response solely to respond to the Motion under 11 U.S.C. § 329 and Bankruptcy Rules 2016 and 2017, and not as admissions for any other purpose or in any other proceeding.

**I. Background**

**A. Facts not in dispute**

**1.** The Debtor filed this case pro se on June 26, 2026 [Doc. 1]. The same day, Valliance Bank filed notices of subpoena directed to seven affiliated entities [Docs. 7–14], a motion for stay relief or adequate protection [Doc. 15], a Rule 2004 motion [Doc. 16], and a motion to dismiss [Doc. 17]. The United States Trustee ("UST") moved to dismiss on July 1, 2026 [Doc. 24].

**2.** The Debtor retained Counsel on July 7, 2026, eleven days into the case. The Debtor's schedules, statements, and credit counseling certificate were due July 10, 2026. Responses to Docs. 15 and 16 were due the same day.

**3.** No response to Docs. 15 and 16 was filed by July 10, and no extension was requested. The Court entered Docs. 30 and 31 on July 13, 2026. Counsel acknowledged these facts in the Debtor's motion to reconsider [Doc. 33 ¶ 15] and does so again here.

**4.** Counsel entered his appearance on July 15, 2026 [Doc. 32].

**5.** Counsel received $10,000.00 by wire on July 7, 2026 from an account of Campbell 215, LLC, as Counsel disclosed in Doc. 60.

**6.** No schedules or statement of financial affairs were filed, no application to employ Counsel was filed, and Counsel has not filed a fee application.

**7.** The Court heard both motions to dismiss on July 23, 2026 and dismissed the case by order entered July 27, 2026 [Docs. 55–58].

**B. Corrections and additional facts**

**8.** *Services rendered.* The Motion states that Counsel "filed his Entry of Appearance and two motions" (Motion at 2). The docket and Exhibit A show the work between retention and dismissal.

**9.** *Timing of the payment.* The Motion says Counsel was paid "either before or after" the case was filed (Motion ¶ 35). Doc. 60 gives the date: July 7, 2026, eleven days after the petition.

**10.** *The July 10 deadline.* The Motion asserts that Counsel "consciously allowed the deadlines to pass" (Motion ¶ 13) and cites no record support for that characterization. Counsel was retained on July 7, 2026, three days before the deadline. On July 8 and 9 he was ill and out of state on a trip scheduled before the engagement. He first reviewed the docket on July 12, 2026, after the

deadline had passed [Ex. A]. He did not file a response or seek an extension before July 10, and he said so in Doc. 33 ¶ 15. Counsel does not minimize the lapse. It was an error, not a decision to let the Debtor default.

**11.** *Hearing date.* The evidentiary hearing was held July 23, 2026; the order was entered July 27 (cf. Motion ¶ 14).

**12.** *Ownership of Campbell 215.* The Motion states that Mr. Rader owns 100% of Campbell 215, LLC (Motion ¶ 4). Mr. Rader testified at Campbell 215's § 341 meeting on August 4, 2026 that he holds approximately 83.8% of the membership units, with the balance held by Maximillion Homes LLC and Kristen Rader.

**13.** *Campbell 215's quarterly fees.* Motion ¶ 23 states that Campbell 215 owes a minimum of $500.00 for the second and third quarters of 2026. Campbell 215's case was filed July 6 and dismissed August 6, 2026, both in the third quarter. The UST's motion in that case puts the figure at $250.00 [Case No. 26-12261, Doc. 24 ¶¶ 19, 44].

**14.** *Employment application*. An application to employ Counsel under § 327, with a verified statement disclosing Counsel's representation of Campbell 215, was prepared but had not been filed when the case was dismissed.

**15.** *Disclosure of the payment source.* Counsel identified the source and post-petition timing of the July 7 wire on his own review of bank records. He advised the Debtor to reimburse Campbell 215, declined the Debtor's proposal that Counsel fund the reimbursement himself, reported the matter by telephone to the UST and to BancFirst on July 27, 2026, and filed Doc. 60 the same day [Doc. 60, Addendum A ¶¶ 1–4]. The Motion's account of the payment is drawn from Counsel's own disclosure (Motion ¶¶ 24–26).

## II. Legal standard

**16.** Section 329(b) provides: "If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to— (1) the estate, if the property transferred— (A) would have been property of the estate; or (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or (2) the entity that made such payment." 11 U.S.C. § 329(b).

**17.** Because the payment here was made after the order for relief, Rule 2017(b) applies. It permits the Court to determine whether a payment "to an attorney after an order for relief is entered is excessive," whether made directly or indirectly, "if the payment, transfer, or agreement is for services related to the case." Fed. R. Bankr. P. 2017(b).

**18.** The UST agrees that § 330 guides the reasonableness inquiry under § 329 (Motion ¶ 33). In this circuit, the reasonableness of a professional's fee under § 330(a) is determined by an adjusted lodestar analysis. That analysis considers the factors listed in § 330(a)(3) together with the relevant factors the Tenth Circuit has adopted from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). Market Center East Retail Property, Inc. v. Lurie (In re Market Center East Retail Property, Inc.), 730 F.3d 1239, 1246–47, 1249–50 (10th Cir. 2013); Houlihan Lokey Howard & Zukin Capital v. Unsecured Creditors' Liquidating Trust (In re Commercial Financial Services, Inc.), 427 F.3d 804, 810–11 (10th Cir. 2005).

**19.** The § 330(a)(3) factors are the time spent; the rates charged; whether the services were necessary to the administration of the case or "beneficial at the time at which the service was rendered"; whether they were performed within a reasonable time given the complexity, importance, and nature of the task; the professional's skill and experience in bankruptcy; and the

customary compensation of comparably skilled practitioners outside bankruptcy. 11 U.S.C. § 330(a)(3)(A)–(F).

**20.** Counsel accepts that the burden of showing reasonableness is his. See Commercial Financial Services, 427 F.3d at 811.

## III. Argument

### A. The reasonable value of the services

**21.** *Time and rate (§ 330(a)(3)(A), (B)).* Counsel's engagement was hourly at $400.00 per hour. Exhibit A records 25.0 hours, a lodestar of $10,000.00. The hourly rate is the rate Counsel disclosed as his customary rate in Case No. 26-12261, Doc. 8-1 ¶ 9. Doc. 60 lists $10,000.00 as the amount Counsel agreed to accept. That figure was the retainer against which his hourly charges were to be applied. Counsel seeks no further compensation from the Debtor.

**22.** *Necessity and benefit when rendered (§ 330(a)(3)(C)).* Every filing in Exhibit A responded to a motion filed against the Debtor by Valliance or the UST, or to an order of this Court. A debtor facing two motions to dismiss, an adequate-protection order with a self-executing default clause, and a Rule 2004 order that reached his non-debtor spouse needed each of those responses when it was made. The statute measures benefit "at the time at which the service was rendered," not by the result. The case was dismissed, but the Debtor was entitled to be heard on motions that sought dismissal with a bar to refiling. A fee for presenting that defense is not excessive because the defense did not prevail. The Court dismissed the case for cause after an evidentiary hearing, and Counsel does not reargue that ruling. He entered the case eleven days after it was filed. The services listed in ¶ 8 were necessary to its administration when rendered: until the motions to dismiss and Docs. 30 and 31 were answered, the case could not move on to schedules, a meeting of creditors, or a plan.

**23.** *Time commensurate with the task (§ 330(a)(3)(D)).* The work was compressed into the eight days between Counsel's appearance and an evidentiary hearing, against a creditor that filed a contempt motion, six motions to compel, and a reply in those same eight days [Docs. 36–38, 40–43, 53].

**24.** *Skill and experience (§ 330(a)(3)(E)).* Counsel has practiced bankruptcy law since 2008.

**B. The four grounds in Motion ¶ 36 do not show that the fee was excessive**

**25.** *First-day motions.* The Debtor is an individual. The Motion does not identify any first-day motion his case required.

**26.** *Schedules and statements.* These were due July 10, three days after Counsel was retained, and had not been filed when the case was dismissed. Counsel billed by the hour. Exhibit A contains no charge for preparing schedules, so their absence does not make the amount paid for other work excessive. Counsel and the Debtor discussed what the Schedules and Statement of Financial Affairs required. The Debtor sent Counsel a draft of both after 5:00 p.m. on July 22, 2026, the evening before the hearing. Counsel could not complete a review of the draft for accuracy and file it before the Court ruled on July 23.

**27.** *The default orders.* Counsel has addressed the missed deadline at ¶ 10. Exhibit A identifies the time spent on the motion to reconsider. That motion presented the Debtor's merits defenses to Docs. 15 and 16: the equity cushion, the default-rate basis of the monthly adequate-protection payment, and the Rule 2004 order's reach to his non-debtor spouse [Doc. 33 ¶¶ 20–24]. A timely response would have required the same work. If the Court attributes any of that time to Counsel's own lapse, Counsel will accept a reduction in that amount.

**28.** *Section 1107 and Rule 1007.* Counsel filed the Debtor's credit counseling certificate [Doc. 39] and reviewed the Debtor's homeowner's and automobile insurance binders on July 15, 2026 [Ex. A]. Counsel acknowledges that the Schedules, the Statement of Financial Affairs, and the other documents listed in the Clerk's deficiency notices were not filed in the 20 days between his retention and dismissal. Exhibit A includes no charge for them.

**C. Disclosure under § 329(a) and Rule 2016(b)**

**29.** The Motion seeks relief under § 329(b). Counsel also addresses § 329(a), because full disgorgement is the default sanction for a failure to disclose and sound reasons are required for anything less. SE Property Holdings, LLC v. Stewart (In re Stewart), 970 F.3d 1255, 1267 (10th Cir. 2020). On remand in Stewart, this Court identified considerations that bear on whether less than full disgorgement is warranted. In re Stewart, No. 15-12215-JDL, Doc. 1019 at 20 n.21 (Bankr. W.D. Okla. May 27, 2025). Counsel submits these facts on them:

a. Timing and reason. Counsel received the payment on July 7, 2026. Measured from the payment, a statement was due by July 21, 2026. Fed. R. Bankr. P. 2016(b)(2). Counsel filed it on July 27, 2026 [Doc. 60]. The delay was Counsel's mistake. He entered a pending case that the Debtor had filed without counsel and did not calendar the Rule 2016(b) deadline. In the week the statement came due, Counsel was in a jury trial in another court on July 20 and 21, 2026. Counsel offers these facts as explanation, not excuse..

b. Voluntariness. Counsel identified the source and post-petition timing of the payment on his own review of bank records, reported it by telephone to the UST and to BancFirst on July 27, 2026, and filed Doc. 60 the same day. No party had raised the source of the payment before Counsel reported it.

c. Completeness. Doc. 60 discloses the amount, the date, the source, that the source was a separate chapter 11 debtor, that the transfer followed that debtor's petition, and that it had not been reimbursed.

d. Candor. Counsel advised the Debtor to reimburse Campbell 215 and declined the Debtor's proposal that Counsel fund the reimbursement himself. The Debtor did not reimburse. Counsel disclosed the transfer anyway.

e. Prior instances. No court has previously found that Counsel failed to comply with § 329 or Rule 2016.

f. Steps taken. Counsel has changed his practice in these ways. A Form 2030 deadline is now calendared at intake in every bankruptcy engagement, including cases he enters after filing, and again on each payment. He confirms the originating account on every retainer wire before applying it. He uses a written engagement agreement in every bankruptcy matter. He files the § 327 application with his entry of appearance.

g. Comparison with Stewart. Counsel recognizes that in Stewart this Court ordered disgorgement of fees paid before proper disclosure and credited counsel's promptness and cooperation as to fees paid afterward. Doc. 1019 at 50–52. The payment here preceded Doc. 60. Counsel asks the Court to weigh that the disclosure here came within weeks, was not compelled by order, and reported facts adverse to Counsel.

29A. The alleged conflict. The Motion states that representing both Mr. Rader and Campbell 215 "created a conflict of interest" (Motion ¶ 29). It seeks relief only under § 329(b) and does not ask the Court to deny fees on that ground (Motion ¶¶ 36–37). The Motion also refers to "other preference payments" from Campbell 215 to Mr. Rader (Motion ¶ 28). No transfer has been

determined to be a preference in either case. If the UST seeks relief on the ground of a conflict, Counsel asks for notice of that ground and an opportunity to respond.

**D. Any return under § 329(b) is limited to the excess and is payable as the statute directs**

**30.** Under § 329(b), a return is limited to the amount that exceeds the reasonable value of the services. Counsel recognizes the Court's separate authority discussed in Part III.C.

**31.** Counsel will pay any amount the Court orders returned, to the payee the Court identifies, within 14 days of the order.

**32.** The UST asks that $500.00 of any amount returned be applied to the Debtor's quarterly fees (Motion ¶ 37). The dismissal order places that obligation on the Debtor [Doc. 58 ¶ (e)]. Counsel does not object to the Court directing how any returned amount is applied. He asks only that the order identify the payee so he can comply.

**IV. Relief requested**

**33.** Counsel asks the Court to:

a. find that the compensation disclosed in Doc. 60 does not exceed the reasonable value of the services rendered, and deny the Motion;

b. in the alternative, limit any return to the amount the Court finds excessive and identify the payee under § 329(b); and

c. grant any other relief the Court finds just.

RESPECTFULLY SUBMITTED,

/s/Robert C. Newark, III
Robert C. Newark, III, OBA# 21992
1019 Waterwood Pkwy, Ste C
Edmond, OK 73034
Telephone: (866) 230-7236
Facsimile: (888) 316-3398
e-mail: robert@newarkfirm.com
**Respondent**

## CERTIFICATE OF SERVICE

This is to certify that on 5th day of October, 2026, a true and correct copy of the foregoing was served electronically via the Court's ECF System on all parties registered to receive electronic notice in this case and by first-class mail, postage prepaid, on all other parties in interest on the mailing matrix.

/s/Robert C. Newark, III
Robert C. Newark, III