**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: | |
| RADER, BRANDON SCOTT, | Case No. 26-12138-JDL |
| Debtor. | Chapter 11 |

**UNITED STATES TRUSTEE'S REPLY TO RESPONSE OF ROBERT C. NEWARK, III, TO AMENDED MOTION FOR REVIEW OF ATTORNEY'S COMPENSATION**

The UST files this Reply to the *Response of Robert C. Newark, III, to Amended Motion for Review of Attorney's Compensation* [Doc. 76] (the "**Response**"). All capitalized terms are as defined in the underlying motion seeking review of Mr. Newark's compensation [Doc. 75] (the "**Amended Motion**"). This Reply only addresses matters brought up in the Response, issues raised in the Amended Motion but not directly addressed herein are not waived.

**1. The Motion should be deemed confessed because Mr. Newark's Response was filed three days after the objection deadline.**

The Amended Motion was filed and served on September 18, 2026. [Doc. 75] The 14 day deadline to object expired October 2, 2026. LR 9013-1(B). Mr. Newark filed the Response on October 5, 2026, but did not explain why the Response was untimely. [Doc. 76]

Local Rules 9013-1(D) and (E) state in full:

> **D. Time for Response.** Each party serving a response to a request for relief must file and serve a file-stamped copy of it within the deadline set forth in the Notice of Opportunity for Hearing accompanying the request for relief. [Note – the deadline set forth in the Notice of Opportunity for Hearing sets forth the specific response time regardless of the manner of service.] See Local Rule 2002-1.D.
>
> **E. Failure to Respond.** Any request for relief which is not opposed within the applicable response period may be deemed confessed and the relief granted *ex parte* and without further notice. See Local Rule 9013-1.L.

Thus, the Court should deem the Amended Motion confessed.

**2. Mr. Newark filed an untimely Form 2030 Attorney Disclosure.**

Form 2030 Disclosure of Compensation of Attorney for Debtor is an Official Form ("**Form 2030**") must be filed with the Voluntary Petition or within 14 days thereafter. Bankruptcy Rule 2016(b)(1). A supplemental Form 2030s must be filed within 14 days after each payment received. Bankruptcy Rule 2016(b)(2).

Mr. Newark's only Form 2030 in the case was filed July 27, 2026, 21 days after he received a $10,000.00 payment from Cambell 215, LLC on behalf of Debtor. (Response, p. 2, ¶ 5.) The Form 2030 fails to inform the Court the payment was made using cash collateral of BancFirst. It also failed to state that Campbell 215, LLC had no permission from BancFirst nor authorization from the Court to use BancFirst's cash collateral. Further, both the Form 2030 and the Response admit that Mr. Newark was requested to refund the $10,000.00 payment to Campbell 215, LLC, and that he refused. (Response, p. 3, ¶ 15; Doc. 60, p. 3, ¶ 3.)

**3. Mr. Newark admits he failed to obtain an Order employing him as Debtor's counsel.**

Mr. Newark admits that he failed to file an application to hire himself as counsel for Debtor. (Response, p. 2, ¶ 6; p. 3, ¶ 14.) Courts uniformly hold that a professional whose retention should have been approved by court order under § 327 is not entitled to be paid out of estate funds under § 330. *See, e.g., In re Schupbach Investments, L.L.C.*, 808 F.3d 1215 (10th Cir. 2015) (denying fees incurred prior to approval of attorney's employment as debtor's counsel); *In re Interwest Business Equipment, Inc.*, 23 F.3d 311, 318, (10th Cir. 1994) ("[A]ny professional not obtaining approval is simply considered a volunteer if it seeks payment from the estate."). Consequently, Mr. Newark cannot keep the $10,000.00 payment.

**4. Mr. Newark cannot use the Response as an untimely motion for approval of fees.**

The Response asks that the Court "find that the compensation disclosed in Doc. 60 [Mr. Newark's Form 2030] does not exceed the reasonable value of the services rendered, and deny the Motion." Thus, Mr. Newark admits he never filed a motion for compensation.

To begin, Local Rule 9013(B) states that "affirmative requests for relief cannot be combined with an objection, response or reply to a motion or application except for certain limited exceptions" that are not applicable here. Thus, Mr. Newark cannot get an Order from the Court at this stage awarding him any compensation by virtue of filing the Response. Further, Bankruptcy Rule 2016(a) requires Mr. Newark to file an application for compensation. He has not done this.

**5. The Court should enter its Order requiring disgorgement of all fees received.**

In light of the above, the Court should order the return of all funds received, less any amounts needed to satisfy Debtor's unpaid quarterly fees.

Respectfully submitted

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

s/ Jeffrey E. Tate
Marjorie J. Creasey, OBA #17819
Jeffrey E. Tate, OBA #17150
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK 73102
(202) 603-5228 | (405) 231-5958 [fax]
Marjorie.Creasey@usdoj.gov
Jeff.Tate@usdoj.gov